**Michael Wayne WOFFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–92–02161–CR.

Court of Appeals of Texas, Dallas.

May 31, 1995.

Discretionary Review Refused Aug. 23, 1995.

Russ Henrichs, Atty. at Law, Dallas, Michael Wayne Wofford, Tennessee Colony, for appellant.

Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, for State.

Before BAKER, MALONEY, and HILL, JJ.[1]

## OPINION

MALONEY, Justice.

The trial court convicted Michael Wayne Wofford of sexual assault, found both enhancement paragraphs true, and assessed a thirty year sentence. In a single point of error, appellant complains the trial court erred in excluding evidence of the complainant's promiscuity. Although the trial court erred in not conducting an in camera hearing, we affirm the trial court's judgment.

## BACKGROUND

Appellant and complainant testified to different versions of the incident which led to appellant's indictment. Complainant's testi-

---

1. The Honorable John G. Hill, Former Chief Justice, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

mony showed forcible intercourse and escape from a vacant house. Appellant denied any sexual activity took place. He testified he bought three "rocks" of cocaine which complainant smoked. Appellant had no idea why complainant suddenly ran out of the vacant house.

## EVIDENCE OF PAST SEXUAL BEHAVIOR

In appellant's only point of error, he argues the trial court erred in not admitting evidence of complainant's promiscuity. Specifically, he argues the trial court's not conducting an in camera hearing prevents him on appeal from raising the relevancy of complainant's specific instances of sexual misconduct.

Appellant maintains "[s]uch evidence would have made the appellant's testimony more plausible, to wit: that the complainant, when denied further purchases of cocaine from the appellant, became angry and falsely accused him of sexual assault." He contends complainant's promiscuity would show her motive or bias in bringing charges against him. See TEX.R.CRIM.EVID. 412(b)(2)(C).

Additionally, appellant asserts complainant opened the door to her previous sexual history when she denied on cross-examination that she had exchanged sex for cocaine. Appellant contends he should have been allowed to rebut this denial.

## THE TRIAL COURT'S ERROR

Texas law requires a defendant, who intends to introduce any specific acts of a complainant's prior sexual behavior in a sexual assault prosecution, to inform the court outside the hearing of the jury. The court must then conduct an in camera hearing to determine whether the proposed evidence is admissible. TEX.R.CRIM.EVID. 412(c). An in camera proceeding is a private proceeding, held either in the judge's chambers or outside the presence of *all spectators*. BLACK'S LAW DICTIONARY 760 (6th ed. 1990).

The rule 412 limitation attempts to avoid abusive, embarrassing, and irrelevant inquiries into a complainant's private life. Ultimately, this protection fosters the successful enforcement and deterrent effect of sexual assault laws.[2] *See Allen v. State,* 700 S.W.2d 924, 929 (Tex.Crim.App.1985); *Cuyler v. State,* 841 S.W.2d 933, 936 (Tex.App.—Austin 1992, no pet.); 33 STEVEN GOODE, ET AL., GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 412.1 (Texas Practice 1988); *see also* James A. Vaught & Margaret Henning, *Admissibility of a Rape Victim's Prior Sexual Conduct in Texas: A Contemporary Review and Analysis,* 23 ST. MARY'S L.J. 893, 896 (1992).

Rule 412 is referred to as the "Rape Shield Law" because it protects a complainant's previous sexual conduct from public exposure except in limited circumstances.[3] An in camera hearing allows the trial court to determine privately whether to admit any evidence of complainant's past sexual behavior and limit any related questioning. A sealed record of the in camera hearing preserves any excluded testimony for appellate purposes. *See* TEX.R.CRIM.EVID. 412(d). Rule 412 only requires the defendant to notify the court *outside the presence of the jury* of his intent to use prior sexual conduct evidence.

The in camera hearing should exclude not only the presence of the jury, but also the presence of any unnecessary spectators. The in camera hearing's purpose is to spare the complainant any undue public embarrassment.

Here, appellant did not inform the trial court that he was about to offer testimony of complainant's sexual history. Nor did he request the trial court conduct an in camera hearing.

The trial court, however, preserved the testimony of complainant's sexual history for appellate purposes, but it did so at the ex-

---

**2.** Protecting the private life of sexual assault victims encourages the reporting and prosecuting of sexual assaults, while discouraging undue harassment of the complainant.

**3.** Any objection to the trial court's hearing and ruling on the admissibility of complainant's previous sexual conduct in open court, rather than in camera, should come from the State, not appellant.

pense of complainant. The trial court erred in not holding an in camera hearing. However, this error could not in any way have prejudiced appellant.

## ADMISSIBILITY OF EVIDENCE

### 1. Applicable Law

#### a. Rule 412

■ A complainant's sexual reputation is not admissible in a prosecution for sexual assault. TEX.R.CRIM.EVID. 412(a). Texas courts admit specific instances of a complainant's past sexual behavior only when the proponent of the evidence follows certain procedural guidelines; and:

(1) the evidence is necessary to rebut or explain the State's scientific or medical evidence; or

(2) the accused offers evidence of complainant's and the accused's past sexual behavior to show complainant "consented to the sexual behavior which is the basis of the offense charged;" or

(3) the evidence shows the motive or bias of the alleged victim; or

(4) the evidence is admissible under Rule 609; or

(5) the constitution requires the trial court admit the evidence; and

the evidence's probative value outweighs the danger of unfair prejudice. TEX.R.CRIM. EVID. 412(b); *see Cuyler*, 841 S.W.2d at 936. The trial court does not err in excluding evidence of a complainant's promiscuity with third parties unless those particular sexual activities are material to an issue in the case, *and* appellant raises consent as a defense. *Garza Barreda v. State*, 739 S.W.2d 368, 370 (Tex.App.—Corpus Christi 1987), *pet. dism'd, improvidently granted*, 760 S.W.2d 1 (Tex. Crim.App.1988).

■ We reverse a trial court's decision to exclude evidence only if the trial court abused its discretion. *Holloway v. State*, 751 S.W.2d 866, 870 (Tex.Crim.App.1988); *Ramos v. State*, 819 S.W.2d 939, 941 (Tex. App.—Corpus Christi 1991, pet. ref'd). A trial court abuses its discretion when its "decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1991) (on reh'g) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1991)).

#### b. Impeachment

A party may not inquire into, nor prove by extrinsic evidence, specific instances of a witness's misconduct to attack a witness's credibility. TEX.R.CRIM.EVID. 608(b); *Ramos*, 819 S.W.2d at 941; *Leger v. State*, 774 S.W.2d 99, 101 (Tex.App.—Beaumont 1989, pet. ref'd). Only previous criminal convictions for felonies or crimes of moral turpitude are admissible to impeach a witness. TEX.R.CRIM. EVID. 609(a).

### 2. Application of Law to Facts

#### a. Preservation of Excluded Testimony

When appellant attempted to elicit testimony about complainant's sexual activities with a third party, the State objected under rule 412. The trial court sustained the State's objection and the following occurred:

[APPELLANT]: I know the statute says that we should retire to the chambers, but since it's trial to the court, we're going to put these witnesses on and I presume the Court will exclude the inadmissible and—

[THE COURT]: The Court will. Let's hear it.

When appellant attempted to elicit testimony from appellant's brother about his sexual activities with complainant, the State objected. The trial court sustained the State's objection and the following occurred:

[APPELLANT]: Judge, again, this is offered also in an out-of-chambers context. I think if he answers, you can still exclude it. . . .

[THE COURT]: I understand.

During appellant's examination of a neighborhood store's cashier, the State objected to testimony on complainant's sexual activities. The trial court sustained the State's objection and the following occurred:

[APPELLANT]: Judge, we would want the, again the answer, if—we would need a record on it for appeal purposes.

[THE COURT]: Okay. Go ahead.

■ Appellant asked the trial court to conduct the required statutory hearing in open court. Each time the trial court sustained the State's objection, the trial court allowed the witness to answer the questions "for the record." The trial court's failure to hold an in camera hearing did not prevent appellant from preserving the excluded testimony for appellate purposes. Because the trial court allowed appellant to fully develop evidence of complainant's past sexual behavior, appellant was not harmed. We find no reversible error in the trial court's failure to conduct an in camera hearing.

### b. The Excluded Testimony

Appellant's brother testified complainant offered to have sex with him just before the incident which resulted in appellant's present indictment. She previously had exchanged sex for drugs with appellant's brother and others.

The neighborhood store cashier testified she had seen complainant have sex with men for money, both at the store and in a motel. Complainant also exchanged sex for drugs in cars in front of the store.

The neighbor who lived next door to the vacant house testified that he had seen complainant go in and out of that house many times. Complainant had propositioned him to have "sexual relations" with her.

Appellant testified he had sex with complainant on other occasions. But, he did not have sex with complainant on this occasion.

### c. In Rebuttal

When appellant cross-examined complainant on her sexual history, she denied that she had ever done any of the things about which appellant inquired. He now relies on her denial to "open" the evidence to specific acts of sexual conduct to both rebut complainant's denial and to show motive or bias.

### (1) Complainant's Denial

■ We view appellant's "rebuttal of complainant's denial" as an attack on complainant's credibility. In response to appellant's cross-examination, complainant denied she ever exchanged sex for drugs. The State objected and the trial court sustained its objection. Complainant also denied she ever had sex with appellant's brother. The State objected. The trial court sustained the State's objection.[4]

Assuming, without deciding, that complainant's denial opened the evidence to her sexual history, appellant cannot attack complainant's credibility with extrinsic evidence of specific acts of misconduct. *See* TEX.R.CRIM. EVID. 608(b). However, convictions for felonies and crimes of moral turpitude are admissible to attack a witness's credibility. *See* TEX.R.CRIM.EVID. 609(a). Complainant's sexual history was not admissible for impeachment purposes.

### (2) Motive or Bias

■ When appellant's trial counsel questioned appellant, his trial strategy became apparent—identifying complainant's motive for bringing false charges. Trial counsel questioned appellant on why complainant would have brought "rape" charges. Appellant testified only that complainant became angry because he refused to buy her more drugs.

On appeal, appellant argues the excluded evidence of complainant's sexual history made his testimony "more plausible." We fail to see how complainant's sexual history made it more likely that she would bring "rape" charges to retaliate for appellant's refusal to buy more cocaine. The proffered promiscuity testimony had no relation to her bringing "rape" charges.

Because appellant did not raise the issue of consent, her sexual history was not material to any other issue in the case. The trial

---

**4.** Although the trial court sustained the State's objections, we note that complainant answered both questions before the State objected.

court did not err in excluding complainant's sexual history.

We affirm the trial court's judgment.