Eric Lee KESTERSON, Appellant,

v.

The STATE OF Texas, Appellee.

No. 05–96–00707–CR.

Court of Appeals of Texas,
Dallas.

April 21, 1997.

Gary A. Udashen, Dallas, for Appellant.

Sue Korioth, Lori L. Ordiway, Assistant District Attorneys, Dallas, for State.

Before THOMAS, C.J., and WRIGHT and MOSELEY, JJ.

THOMAS, Chief Justice

The Court has before it appellant's February 2, 1997 motion to allow counsel to review sealed portions of the statement of facts to aid in preparing his brief. The State did not respond to this motion. The question presented by appellant's motion is: When the trial court seals the record of an in camera hearing pursuant to rule 412(d) of the Texas Rules of Criminal Evidence,[1] should this Court unseal the record for review by appellant in preparation of his appellate brief, and, if so, under what circumstances?

■ Eric Lee Kesterson was convicted of aggravated sexual assault of a child under fourteen years of age. During the trial, the court conducted an in camera hearing pursuant to rule 412 at appellant's request. The statement of facts suggests that the trial court conducted the in camera hearing to determine whether evidence that the complainant may have made allegations of sexual abuse against another person was admissible. Following the in camera hearing, the trial court sustained the State's objection to admission of the testimony and excluded it. The trial court sealed the record of the in camera hearing pursuant to rule 412(d). Counsel now specifically seeks to review the sealed record, stating that the "hearing forms an essential portion of Appellant's trial and may involve material which needs to be raised in Appellant's Brief on Appeal."

Rule 412 of the Texas Rules of Criminal Evidence governs the admission of evidence of the past sexual behavior of the alleged victim of an aggravated sexual assault. The rule requires the trial court to conduct an in camera hearing to determine the admissibility of such evidence. *See* TEX.R.CRIM. EVID. 412(c). Rule 412(d) provides: "The court shall seal the record of the in camera hearing required in paragraph (c) of this rule for

1. For purposes of convenience, we will refer to this as rule 412 and designate the relevant sub-

part throughout this opinion.

delivery to the appellate court in the event of an appeal." TEX.R.CRIM. EVID. 412(d). However, rule 412(d) makes no provision regarding the unsealing of the record for review by parties to the appeal.

The question raised by appellant's motion appears to be one of first impression in Texas jurisprudence. Having found no case law to assist us in determining the disposition of appellant's motion, we will look to the policy considerations underlying rule 412 in resolving this question.[2]

■ Rule 412 is a "rape shield law." *See Wofford v. State*, 903 S.W.2d 796, 798 (Tex. App.—Dallas 1995, pet. ref'd). Its purpose is to protect a complainant's previous sexual conduct from exposure, except in limited circumstances. *Wofford*, 903 S.W.2d at 798. The "limitation attempts to avoid abusive, embarrassing, and irrelevant inquiries into a complainant's private life." *Wofford*, 903 S.W.2d at 798. Rule 412 was designed to "eliminate trial practices that may have frustrated society's vital interest in the prosecution of sexual crimes." *Cuyler v. State*, 841 S.W.2d 933, 936 (Tex.App.—Austin 1992, no pet.), *disapproved on other grounds by Halstead v. State*, 891 S.W.2d 11, 12 n. 1 (Tex. App.—Austin 1994, no pet.) (per curiam). The in camera hearing required by subsection (c) allows the trial court to determine privately whether to admit evidence of the complainant's past sexual behavior and to limit any related questioning. *Wofford*, 903 S.W.2d at 798.

The purpose of the in camera hearing is to spare the complainant any undue public embarrassment. *Wofford*, 903 S.W.2d at 798. If the evidence is admitted at trial, the details are already public. *See* HULEN D. WENDORF, ET AL., TEXAS RULES OF EVIDENCE MANUAL IV–170 (4th ed. 1995). However, in this case, the evidence was excluded by the trial court following the in camera hearing. If this Court were now to unseal the record of the in camera hearing for appellant's use, we would be making public the very information subsections (c) and (d) of rule 412 are intended to keep private. Such action would defeat the purpose of the rule from the standpoint of the complainant. *See* WENDORF, *supra* at IV170.

We are cognizant of the fact that without the record of the in camera hearing, appellant will be unable to make specific references in his brief to the testimony from the hearing. Nevertheless, this will not unduly hinder appellant in preparing any complaints he may have regarding the testimony presented at the hearing. Appellant can still identify what he believes was the general nature of the testimony involved and discuss why he believes the trial court erred in its ruling. Appellant can also identify the place in the statement of facts where this Court will find the trial court conducted the in camera hearing. In short, appellant may brief any complaints he has in light of the record available to him.

The sealed record of the in camera hearing preserves any complaints regarding the sealed testimony for appellate review. *Wofford*, 903 S.W.2d at 798. This Court will review appellant's complaints within the context of the entire record, including that portion sealed by the trial court. In conducting its review, this Court will be mindful of the fact that the briefing may be less specific than usual due to the appellant's inability to review the sealed portion of the record.

We note that this procedure is not without precedent. In a case in which a trial court denies a motion to disclose the identity of a confidential informant, an appellant is not entitled to review the sealed record

---

**2.** The Texas Rules of Civil Evidence have no counterpart to rule 412 of the rules of criminal evidence. However, rule 412 of the Federal Rules of Evidence provides in relevant part: "Before admitting evidence under this rule the court must conduct a hearing in camera and afford the victims and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise." FED. R. EVID. 412(c)(2). Although similar in its provision for an in camera hearing and a sealed record, the federal rule contains different language concerning unsealing the record. We may look to the federal rule and case law interpreting it for guidance in interpreting our state rule; however, we must presume the two rules are phrased differently for a reason. Further, we found no cases describing under what circumstances a federal court would unseal the record of a rule 412 in camera hearing.

from the in camera hearing on the issue before presenting his complaint on appeal. *See generally* TEX.R.CRIM. EVID. 508 (procedure involved when defendant seeks identity of confidential informant). Similarly, when a party to a civil suit seeks access to documents through discovery, that party is not entitled to review documents subject to a claim of privilege that were sealed by the trial court following an in camera hearing in preparing a complaint for appellate review concerning the trial court's ruling. *See generally* TEX.R. CIV. P. 166b(4) (presentation of objections); *Volcanic Gardens Management Co. v. Paxson*, 847 S.W.2d 343, 348 (Tex. App.—El Paso 1993, orig. proceeding) (discussing procedure involved in review of trial court ruling on discovery issue). Although not identical to the case involved here, these procedures lend support to our disposition of appellant's motion.

In sum, we conclude an appellant is not entitled to review the sealed record from an in camera hearing conducted pursuant to rule 412 to determine what complaints to raise on appeal. Accordingly, we deny appellant's February 2, 1997 motion to allow counsel to review sealed portions of the record.