**Witson SOUTHWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–00446–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 6, 2002.

Greg Gladden, Houston, for Appellant.

Kevin Keating, Assistant District Attorney, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and RADACK.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

Appellant, Witson Southwell, pleaded guilty to the felony offense of possession of more than 2000 pounds of marihuana. The court sentenced him to six years in prison. Appellant (1) moves that the record of an in camera hearing be unsealed and (2) appeals the court's denial of his motion for the disclosure of a confidential informant. We deny the motion and affirm the conviction.

### Background and Procedural History

On December 14, 1999, Houston Police received a tip from an informant that led them to place a warehouse on West Little York Street under surveillance for possible narcotics activity. Appellant was seen arriving at the warehouse in a pickup truck and entering the warehouse on foot at approximately 10:35 a.m. on December 15, 1999. Around 1:00 p.m., he left the warehouse driving a white van. Appellant was followed by a marked police car and several unmarked cars. Officer Gary Robertson pulled appellant over after he failed to signal before changing lanes. Officer Steven Robinson of the Narcotics Division pulled his unmarked car in behind Officer Robertson and approached the car along with Officer Robertson. Both officers smelled the odor of marihuana coming from the van when they conversed with appellant, who was the sole occupant of the van. Police requested written permission to search the vehicle, and appellant refused. Appellant was then arrested, and a police drug dog was brought to the scene. The dog detected drugs in the van.

Appellant was ultimately charged with possessing over 2000 pounds of marihuana. He filed a motion for disclosure of the confidential informant. The State agreed that an in camera hearing was warranted. The court held an open hearing where appellant's attorney, and counsel for related defendants, suggested questions the court could ask those who would be questioned in camera. The court then questioned two police officers with knowledge of the informant during the in camera hearing. A record of the in camera hearing was made and was sealed by order of the court. After the hearing, the court denied the motion for disclosure. The court also denied a subsequent motion to suppress evidence from the initial traffic stop and a search of the warehouse. That ruling has not been appealed. Appellant then pleaded guilty, without the benefit of any plea agreement with the State, and was sentenced to six years in prison by the court.

### Motion to Unseal the Record

■ The record of the court's in camera hearing was sealed in accordance with Texas Rule of Evidence 508. In a motion that has been carried with this appeal, appellant asks that we unseal the record of

the in camera hearing and grant him 30 days to file a supplemental brief based on its contents. We acknowledge that sealed evidence creates certain hardships for an appellant during appeal preparation, and we take those hardships into consideration when reviewing the briefs and the evidence that was unavailable to the party. However, the rule does not allow us to give an appellant access to the sealed material from the in camera hearing. Rule 508 states in relevant part:

> Evidence submitted to the court shall be sealed and preserved to be made available to the appellate court in the event of an appeal, and the contents shall not otherwise be revealed without consent of the public entity. All counsel and parties shall be permitted to be present at every stage of proceedings under this subdivision except a showing in camera, at which no counsel or party shall be permitted to be present.

TEX.R. EVID. 508(c)(2). Here, the public entity asserting the privilege has not consented to give appellant access to the sealed record. The rule does specifically make evidence from the in camera hearing available to an appellate court for review purposes. However, making the sealed evidence available to the appellate court does not include making the evidence available to an appellant for appeal preparation.

We note that the Dallas Court of Appeals has held that the sealed record produced from an in camera hearing under Rule 412, often known as the "rape shield" rule, can not be unsealed and used by an appellant when preparing for an appeal. *Kesterson v. State*, 959 S.W.2d 247, 248–49 (Tex.App.-Dallas 1997, no pet.). *Kesterson* noted that, were the record to be unsealed, the court would be making public the very information the rule intended to keep confidential. *Id.* at 248. This would defeat the purpose of the rule from the standpoint of the complainant. *Id.*

Similar reasoning applies to Rule 508. Unsealing the record of the in camera hearings would expose informants to detection and defeat the public policy behind the rule. *See Bodin v. State*, 807 S.W.2d 313, 316 (Tex.Crim.App.1991) (discussing public policy). The text of the rule and the reasoning behind it are clear, and we will not depart from such.

We deny the motion to unseal the record.

### Denial of Motion for Disclosure of Confidential Informant

■ In his single issue presented on appeal, appellant contends the trial court erroneously denied his motion for disclosure of a confidential informant. Generally, the State can protect the identity of a confidential informant under the privilege created by Texas Rule of Evidence 508. The rule has three exceptions. The privilege does not apply in a criminal case (1) if the informer's identity has been voluntarily disclosed, (2) if the informer may be able to give testimony necessary to a fair determination of guilt or innocence, or (3) if the court is not satisfied that information was obtained from an informer reasonably believed to be reliable. TEX.R. EVID. 508(c); *Bodin*, 807 S.W.2d at 317. Appellant contends the second exception was applicable here because the informant's testimony was necessary to a fair determination of guilt.

■ The informant's potential testimony must significantly aid the defendant and mere conjecture or supposition about possible relevancy is insufficient. *Bodin*, 807 S.W.2d at 318–19. A defendant has the threshold burden of demonstrating that identity must be disclosed. *Id.* However, because the defendant may not actu-

ally know the nature of the informant's testimony, he or she is only required to make a plausible showing of how the informer's information may be important. *Id.*

 Once a plausible showing is made, the court should conduct an in camera hearing to determine whether there is a reasonable probability the informant could give testimony necessary to a fair determination of guilt or innocence. *See* TEX.R. EVID. 508(c)(2); *Bodin,* 807 S.W.2d at 318. Here, the court held an in camera hearing. We review the trial court's denial of appellant's motion for disclosure for an abuse of discretion. *Cf. Cannon v. State,* 807 S.W.2d 631, 632 (Tex.App.-Houston [14th Dist.] 1991, no pet.) (applying abuse of discretion standard when reviewing Rule 508 ruling).

Appellant argues that the informant's testimony would be necessary if the informant was a witness to either the alleged offense itself or any activities that occurred in the warehouse. Indeed, "whenever it is shown that an informant was an eyewitness to an alleged offense then certainly that informant can in fact give testimony 'necessary to a fair determination of the issues of guilt, innocence.'" *Anderson v. State,* 817 S.W.2d 69, 72 (Tex.Crim.App. 1991) (quoting former version of Rule 508).

We have unsealed and reviewed the record from the in camera hearing. Our review indicates that the informant was clearly not a witness to the alleged offense, nor was the informant a witness to any events occurring at the warehouse. The informant merely provided information that indirectly led to the warehouse being placed under surveillance. The trial court correctly ruled that the informant's identity did not need to be disclosed by the State.

We overrule appellant's sole issue.

We affirm the judgment of the trial court.