11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Timothy Wayne Buchanan                    

Appellant

Vs.                   No.
11-00-00368-CR B Appeal from Borden County

State of Texas

Appellee

 

The jury
convicted appellant of aggravated sexual assault of a child and assessed a
60-year sentence and a $10,000 fine. 
TEX. PENAL CODE ANN. ' 22.021 (Vernon Supp. 2002). 
Appellant presents two issues on appeal.  Appellant complains that the trial court improperly excluded
certain evidence under TEX.R.EVID 
412.  Appellant also complains
that his trial counsel was so ineffective that he was denied his constitutional
rights.  We affirm.

                                                                Background
Facts

Appellant
sexually assaulted his 12-year-old daughter sometime in April of 1999.  The authorities were made aware of the
sexual assault in July of 1999, and they began an investigation.  Part of the investigation included a physical
examination of the victim.  Appellant
does not challenge the sufficiency of the evidence.

Testimony
Excluded Under Rule 412

Kim
Wallach, a registered nurse, performed a physical examination of the victim
during October of 1999, approximately six months after the sexual assault
occurred.  On direct examination,
Wallach testified that the victim=s hymen was torn, but Wallach could not say when the injury
occurred.  Wallach also testified that
she could not identify who or what caused the injury. Wallach=s testimony was brief; there was no
cross-examination.  








After the
victim  testified on direct examination,
appellant asked for an in camera hearing under Rule  412(c).  The trial court
held the in camera hearing, and the victim 
was questioned with appellant, appellant=s attorney, and the prosecutor in attendance.  Appellant=s attorney questioned the victim 
about a prior incident of sexual abuse when she was four years old.  Appellant claimed that a prior incident
would rebut Wallach=s
medical testimony about the victim=s torn hymen.  Rule
412(b)(2).  The trial court determined
that the testimony did not rebut the medical evidence, directed appellant not
to go into those matters, and then sealed the record of the hearing under Rule
412(d).

Later
during a break, the trial court held an additional Rule 412(c) in camera
hearing where appellant produced a sheriff=s department report concerning a prior sexual assault of the victim by
someone other than appellant.  Appellant
re-urged his need for the victim=s testimony.  The prosecutor
stated that she had no objection to appellant questioning the victim=s mother about the prior sexual assault or to
the mother referring to the sheriff=s report.  Appellant agreed to
this procedure.  Because both sides were
in agreement, the trial court ruled that it would allow the mother=s testimony. 
The trial court then sealed the record of the second hearing as required
by Rule 412(d). 

Appellant
makes two arguments about the victim=s testimony that was excluded under Rule 412:  (1) appellate counsel=s inability to review the sealed record of the victim=s testimony under the holding of Kesterson v.
State, 959 S.W.2d 247 (Tex.App. B Dallas 1997, no pet=n), effectively denies appellant his right of appeal; and (2) the
victim=s testimony about the prior sexual assault
should not have been excluded under Rule 412 because Rule 412 does not apply to
such testimony.

Appellate
counsel states that appellant=s trial counsel would not cooperate in preparing the appeal.  Appellate counsel contends, therefore, that
he could not adequately prepare an appeal because he could not review the
sealed record.   Rule 412(d) requires
the trial court to Aseal
the record of the in camera hearing required in paragraph (c) of this rule for
delivery to the appellate court in the event of an appeal.@ 
Thus, Rule 412(d) indicates that the appellate court shall have the
sealed evidence available for review purposes, but there is nothing in Rule 412
that makes the sealed evidence available to an appellant for appeal
preparation.  The Dallas Court of
Appeals addressed this exact issue in Kesterson and held that the record
produced in the in camera hearing cannot be reviewed and used by an appellant
when preparing an appeal.  The Kesterson
court noted that, were the record to be unsealed, the trial court would be
making public the very information the rule intended to keep confidential. This
would defeat the purpose of the rule from the standpoint of the
complainant.  Kesterson v. State, supra
at 248.








Kesterson acknowledged that an appellant without the
record of the in camera hearing will be unable to make specific references in
his brief to the testimony presented at the hearing; however, an appellant may
identify the general nature of the testimony and discuss why he believes the
trial court erred in its ruling.  The
reviewing court will then review appellant=s complaints within the context of the entire record, including that
portion sealed by the trial court. 
Kesterson v. State, supra at 248. 
Implicit in this procedure is an assumption that appellant and appellant=s attorney are knowledgeable about the
general nature of the testimony of the in camera proceeding.  Here, appellant was present during the in
camera proceeding.  Although appellant
has a different attorney on appeal, appellant, in his brief, was able to
adequately identify the general issues and content of the in camera
hearing.   

Appellant
argues that the review process under Kesterson places a reviewing court
in an improper role of serving as an advocate, the role specifically reserved
to the attorneys of the parties.  We
disagree.  The trial court=s role is to examine the proffered testimony
in light of the issues at trial and determine if some or all of the evidence is
material.  If it is material, the trial
court will then determine whether its prejudicial nature outweighs its
probative value.  Holloway v. State, 751
S.W.2d 866, 870 (Tex.Cr.App.1988).  An
appellate court will then review that decision for abuse of discretion.  Holloway v. State, supra at 870.  Our appellate review of the trial court=s decision is made within the context of the
entire record, including the portion sealed by the trial court.  Kesterson v. State, supra at 248.   Appellate counsel=s inability to review the sealed record did
not deny appellant of his right of appeal.

Appellant
next contends that the trial court erred by excluding the victim=s testimony about her past sexual
assault.  Appellant contends that this
evidence was relevant because it would have provided the jury with another
explanation for the victim=s torn hymen.  Rule 412(b)
governs the admissibility of evidence of previous sexual conduct.  Specific instances of a victim's past sexual
conduct are admissible only if three conditions are met: (1) the evidence falls
within one of the limited exceptions in Rule 412(b)(2); (2) the defendant
informs the court outside the jury's presence prior to introducing the evidence
or asking questions about the victim=s past sexual behavior as provided in Rule 412(d); and (3) the trial
court finds that the probative value of the evidence outweighs the danger of
unfair prejudice.  Rule 412.








Appellant
first argues that Rule 412(b) only applies to a Avictim=s past sexual behavior [conduct]@ and does not apply to prior sexual assaults
of the victim because sexual assault involves the perpetrator=s sexual behavior.  Rule 412 refers to instances of prior "sexual behavior"
without specifying that it applies only to voluntary behavior and not to
involuntary behavior of the victim. 
Texas courts have used Rule 412(b) to determine admissibility of
evidence of a prior sexual assault of a child even though the sexual assault
involved involuntary behavior on the child=s part.  Wheeler v. State, 79 S.W.3d 78
(Tex.App. - Beaumont  2002, no pet=n); Kesterson
v. State, 997 S.W.2d 290 (Tex.App. B Dallas 1999, no pet=n); Marx v.
State, 953 S.W.2d 321 (Tex.App. B Austin 1997), aff=d, 987 S.W.2d
577 (Tex.Cr.App.1999); Reynolds v. State, 890 S.W.2d 156 (Tex.App. B Texarkana
1994, no pet=n). 
We  hold that the trial court did
not err in applying Rule 412 in this case even though the prior sexual assault
involved involuntary behavior on the victim=s part.

            Next,
appellant argues that the victim=s testimony is necessary to rebut the medical testimony under Rule
412(b)(2).  Wallach testified that the
victim=s hymen was torn but could neither determine
when the tear occurred nor identify how the victim=s hymen was torn.  Wallach=s
testimony did not tend to corroborate the victim=s identification of appellant as the assailant. Her  testimony only concluded the victim=s hymen was torn.  The State made no attempt to argue that the torn hymen implicated
appellant.  The trial court correctly
concluded that the excluded evidence was not necessary to explain or rebut the
State=s evidence. 
Marx v. State, supra at 337.  

Even if
the evidence was construed to rebut the medical testimony, the third condition
of Rule 412 required the trial court to find that the probative value of the
evidence outweighed the danger of unfair prejudice.  Rule 412(b)(3).  Because
testimony of the prior sexual assault was introduced through the victim=s mother, the trial court did not abuse its
discretion in excluding the victim=s testimony.  See Miles v.
State, 61 S.W.3d 682, 687 (Tex.App. B Houston [1st Dist.] 2001, pet=n ref=d)(indicating that evidence of prior sexual
history could have been introduced through means other than a cross-examination
of the alleged victim).  Also, both
appellant and the prosecutor agreed to allow the evidence to be entered through
the victim=s mother=s testimony.  Because both
parties agreed to this procedure, there was no error preserved.  We overrule appellant=s first issue.

 

 








Ineffectiveness
of Counsel

Appellant
complains that the defense put forth by his trial counsel was so ineffective
that appellant was denied his rights under the Sixth Amendment of the United
States Constitution and under Article I, section 10 of the Texas Constitution. 

To prevail on a claim of ineffective assistance of counsel,
an appellant must establish that his counsel=s performance fell below an objective
standard of reasonableness and that there is a Areasonable probability@ that the result
of the proceeding would have been different but for counsel=s deficient
performance.  Strickland v. Washington,
466 U.S. 668 (1984); see Mallett v. State, 65 S.W.3d 59, 62-63
(Tex.Cr.App.2001).  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Hernandez v. State, 726 S.W.2d
53, 55 (Tex.Cr.App.1986). The purpose of this two-pronged test is to judge
whether counsel=s conduct so
compromised the proper functioning of the adversarial process that the trial
cannot be said to have produced a reliable result.  Thompson v. State, 9 S.W.3d 808, 812-13 (Tex.Cr.App.1999)(citing
McFarland v. State, 845 S.W.2d 824, 843 (Tex.Cr.App.1992), cert. den=d, 508 U.S. 963
(1993)).

The review of defense counsel=s representation is highly deferential and
presumes that counsel=s actions fell within a wide range of reasonable
professional assistance. Tong v. State, 25 S.W.3d 707, 712 (Tex.Cr.App.2000), cert.
den=d, 532 U.S. 1053
(2001).  When the record is silent on
the motivations underlying counsel=s tactical decisions, the appellant
usually cannot overcome the strong presumption that counsel=s conduct was
reasonable.  See Thompson v. State,
supra at 813.  In order to defeat Strickland=s presumption of
reasonable professional assistance, Aany allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.@ 
Thompson v. State, supra at 814 (quoting McFarland v. State, 928 S.W.2d
482, 500 (Tex.Cr.App.1996), cert. den=d, 519 U.S. 1119
(1997)).  In the majority of cases, the
record on direct appeal is undeveloped and cannot adequately reflect the
motives behind trial counsel=s actions.  Thompson v. State, supra at 813-14.

Appellant
complains that: (1) there is no evidence in the record of a motion to change
venue; (2) trial counsel could not exclude an expert witness; (3) trial counsel
did not file a motion for new trial; and (4) there is no record of trial
counsel=s strategy.








There is
no indication in the record why trial counsel did not attempt to change
venue.   Therefore, there is nothing to
overcome the strong presumption that counsel=s conduct was reasonable.  Thompson
v. State, supra at 813.  Appellant next argues that expert witness
Wallach=s testimony should have been excluded.   Appellant=s trial counsel made several efforts to exclude Wallach=s testimony but was overruled by the trial
court.  The record shows that Wallach
was not clearly disqualified to testify; therefore, the admittance of her
testimony was within the sound discretion of the trial court.

Appellant=s last two contentions are that there was no
motion for a new trial and that there is no record of trial counsel=s strategy. 
Appellant does not state why a motion for a new trial should have been
filed.  As previously stated, the record
is often underdeveloped and cannot adequately reflect the motives behind trial
counsel=s actions. 
Thompson v. State, supra at 813-14. This is true in appellant=s case.  We can find no evidence
to overcome the strong
presumption that counsel=s conduct was reasonable.   We overrule appellant=s second issue. 

This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

November 7, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J., and  

McCall, J., and McCloud, S.J.[1]

 

 

 

 











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.