NO. 07-11-00019-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
30, 2011

 



 

HAROLD DEAN WILSON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF
RANDALL COUNTY;

 

NO. 22,015-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER

            Before
us are appellant’s motion to unseal one volume of the reporter’s record, sealed
by the trial court according to Rule of Evidence 412,[1]
and appellant’s motion for additional time to file his brief.  We will deny appellant’s motion to unseal the
record and grant him fourteen days to file his brief. 

            In
the underlying case, appellant was charged with possession of child
pornography.  At trial, the court
conducted an in camera hearing
according to Rule 412 and ordered volume three of the reporter’s record
sealed.  Appellate counsel for appellant
filed a motion asking that we order the record unsealed so he can prepare
appellant’s brief.  

At our request, the State filed a
response.  The State points out that
appellant’s prosecution for possession of child pornography was consolidated
for trial with an indictment containing counts alleging appellant committed
aggravated sexual assault of a child.[2]  It contends the Rule 412 hearing concerned
evidence of the aggravated sexual assault counts.  The State asks that we deny appellant’s
motion or alternatively undertake our own review of the Rule 412 hearing record
to determine whether any issues were preserved for review or the testimony is
relevant to the case on appeal.  

The application of Rule 412 is
limited to prosecutions for sexual assault, aggravated sexual assault and
attempts to commit those offenses.  Tex.
R. Evid. 412; Reyna v. State, 168
S.W.3d 173, 176 (Tex.Crim.App. 2005). 
For this discussion, we will assume that consolidation of two cases for
trial, one prosecuting an offense listed in Rule 412 and the other not, means
all evidence the defendant proposes to introduce at trial concerning specific
instances of an alleged victim’s past sexual behavior are subject to Rule
412.  To conclude otherwise would obviate
the purpose of the rule.  See Wofford v. State, 903 S.W.2d 796,
798 (Tex.App.--Dallas 1995, pet. refused) (noting Rule 412 is a “rape shield
law” protecting a complainant’s previous sexual conduct from public exposure,
with limited exceptions).  

            Other
courts of appeals have declined to order unsealing of records of hearings
conducted under Rule 412 so that an appellant can prepare his brief.  Kesterson
v. State, 959 S.W.2d 247, 248-49 (Tex.App.--Dallas 1997, no pet.) (holding
“an appellant is not entitled to review the sealed record from an in camera
hearing conducted pursuant to rule 412 to determine what complaints to raise on
appeal”); Escobar v. State, No.
05-07-1716-CR, 2009 Tex. App. Lexis 8118, at *3-*4 (Tex.App.--Dallas Oct. 21,
2009, pet. refused) (op. on reh’g, not designated for publication) (following Kesterson); McNaspy v. State, No. 14-96-1317-CR, 1999 Tex. App. Lexis 5594, at
*5-*9 (Tex.App.--Houston [14th Dist.] July 29, 1999, pet. refused) (not
designated for publication) (overruling issue that trial court’s refusal to
unseal record of Rule 412 hearing for limited purpose of preparing appellate
brief denied appellant due process); cf.
Southwell v. State, 80 S.W.3d 647, 649 (Tex.App.--Houston [1st Dist] 2002,
no pet.) (applying reasoning of Kesterson
in denying motion to unseal record sealed according to Rule 508(c)(2)).  We will do so in this case.

Appellant’s trial counsel proposed
the introduction of evidence of the alleged victim’s past sexual behavior.  Tex. R. App. P. 412(c).  He surely is cognizant, therefore, of the
nature and substance of that evidence as well as the general conduct of the
hearing.  See LaPointe v. State, 225 S.W.3d 513, 523-24 (Tex.Crim.App. 2007)
(holding Rule 412 hearing “is an adversarial hearing where the parties are
present and the attorneys are afforded the opportunity to question witnesses
and present evidence”). While appellant was appointed new counsel for appeal,
we know of no reason appellate counsel cannot communicate with trial counsel
concerning any matters appellate counsel deems pertinent to the exclusion of
evidence under Rule 412.  And from that
exchange counsel can formulate any related issues for presentation in
appellant’s brief. 

            We
deny appellant’s motion to unseal the third volume of the reporter’s
record.  Appellant’s brief was due July
27, 2011.  He previously received two
extensions of time to file his brief and requested a third by motion filed
contemporaneously with his motion to unseal. 
We have carried that motion with his motion to unseal.  Appellant’s motion for additional time is
granted to the extent his brief is due fourteen days from the date of this
order.  

 

Per Curiam

Do not publish.

 

 











[1]  See Tex. R. Evid. 412. 

 





[2] The indictment also accused appellant of acts of
indecency with a child. Appellant was convicted of possession of child
pornography but, according to the State, acquitted of all other charges
submitted to the jury.