02-12-488&489CR_OPINIONORDER









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00488-CR

NO. 02-12-00489-CR

 

 


 
 
 David Vernon Dees
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

ORDER
AND OPINION

----------

A
jury convicted Appellant David Vernon Dees of unlawful restraint, assault
causing bodily injury, and two counts of sexual assault.  The trial court
sentenced him to four years in prison on the sexual assault counts and 365 days
in jail on the other two counts, all to run concurrently.

Appellant
has filed a motion asking this court to unseal portions of the reporter’s record
that were sealed pursuant to rule of evidence 412 and to make them available to
his appellate counsel for purposes of his appeals.  See Tex. R. Evid.
412.  Appellant specifically asks us to unseal
the records of three in camera hearings conducted at the time of trial, which
the trial court sealed pursuant to rule of evidence 412.[1] 
Id.  The State asks us to deny Appellant’s motion.

Rule
412 (the “rape shield law”) governs the admissibility of a complainant’s past
sexual behavior in a sexual assault prosecution.  Id.; McGlothlin v.
State, 260 S.W.3d 124, 129 (Tex. App.—Fort Worth 2008, pet. ref’d). 
Specific instances of the complainant’s past sexual behavior are inadmissible
unless it is evidence

(A)  that
is necessary to rebut or explain scientific or medical evidence offered by the
State;

 

(B)
 of past sexual behavior with the accused and is offered by the accused
upon the issue of whether the alleged victim consented to the sexual behavior
which is the basis of the offense charged;

 

(C) 
that relates to the motive or bias of the alleged victim;

(D) 
that is admissible under Rule 609; or

(E)
 that is constitutionally required to be admitted[.]

Tex.
R. Evid. 412(b)(2).  Even if evidence of past sexual behavior is presumptively
admissible under rule 412(b)(2), the court must exclude the evidence unless
“its probative value outweighs the danger of unfair prejudice.”  Id.
412(b)(3).  The rule further provides as follows:

(c) Procedure for
Offering Evidence.  If the defendant proposes to introduce any documentary
evidence or to ask any question . . . of any witness, concerning specific
instances of the alleged victim’s past sexual behavior, the defendant must
inform the court out of the hearing of the jury prior to introducing any such
evidence or asking any such question.  After this notice, the court shall
conduct an in camera hearing, recorded by the court reporter, to determine
whether the proposed evidence is admissible under paragraph (b) of this rule. .
. .

 

(d) Record Sealed.  The court shall
seal the record of the in camera hearing required in paragraph (c) of this rule
for delivery to the appellate court in the event of an appeal.

 

Id.
412(c),
(d).

Rule
412(d) does not specifically address the unsealing of the record for review by
parties to the appeal.  The Dallas Court of Appeals has held, however, that “an
appellant is not entitled to review the sealed record from an in camera hearing
conducted pursuant to rule 412 to determine what complaints to raise on
appeal.”[2]  Kesterson v. State,
959 S.W.2d 247, 248–49
(Tex. App.—Dallas 1997, no pet.) (discussing Tex. R. Crim. Evid. 412, which in
1997 contained substantially the same wording as the rule’s current version,
except for subsection (e) which has been repealed).[3] 
In discussing rule 412, the Kesterson court stated,

Its purpose is to
protect a complainant’s previous sexual conduct from exposure, except in
limited circumstances.  Wofford [v. State], 903 S.W.2d [796,] 798
[(Tex. App.—Dallas 1995, pet. ref’d)].  The “limitation attempts to avoid
abusive, embarrassing, and irrelevant inquiries into a complainant’s private
life.”  Wofford, 903 S.W.2d at 798.  Rule 412 was designed to “eliminate
trial practices that may have frustrated society’s vital interest in the
prosecution of sexual crimes.”  Cuyler v. State, 841 S.W.2d 933, 936
(Tex. App.—Austin 1992, no pet.), disapproved on other grounds by Halstead
v. State, 891 S.W.2d 11, 12 n. 1 (Tex. App.—Austin 1994, no pet.) (per
curiam).

 

Id. at
248.  The court further stated, “If this Court were now to unseal the record of
the in camera hearing for appellant’s use, we would be making public the very
information subsections (c) and (d) of rule 412 are intended to keep private. 
Such action would defeat the purpose of the rule from the standpoint of the
complainant.”  Id. (citing Hulen D. Wendorf, et al., Texas Rules of
Evidence Manual IV-170 (4th ed. 1995)).  The court also noted,

We are cognizant of
the fact that without the record of the in camera hearing, appellant will be
unable to make specific references in his brief to the testimony from the
hearing.  Nevertheless, this will not unduly hinder appellant in preparing any
complaints he may have regarding the testimony presented at the hearing. 
Appellant can still identify what he believes was the general nature of the
testimony involved and discuss why he believes the trial court erred in its
ruling.

 

Id.

Based
on Kesterson, the State requests that we deny Appellant’s motion to
unseal the records and that we permit him to identify what he believes is the
general nature of the testimony presented at the in camera hearing and to brief
his complaints in light of the record available to him.  The State adds that “this
Court should conduct a review mindful of the fact that briefing may be less
specific than usual due to Appellant’s inability to review the sealed portion
of the record.”

Appellant
asserts that without access to the sealed records, his counsel will be “unduly
hampered in his ability to raise any claims related to the testimony given by
[the] complainant at the hearing[s]” and that “specific references to the
record are precisely what is required, for [his counsel] to show the
complainant’s bias and motivation to offer false evidence against Appellant at
trial.”  He states that “[w]ithout specific references to the record, an appeal
would be meaningless and rarely be met with success.”  He contends,

The issue at hand
does not involve a zero-sum determination.  Appellant’s right to a meaningful
appeal and the complainant’s right to privacy can be balanced against one
another. . . . [T]he Court is within its power to order the entire appeal in
this cause sealed, and to restrict the dissemination of the Rule 412 hearing
transcripts to no one but the attorney representing Appellant on appeal.

 

Such measures would
serve the interests of Rule 412’s concern for the privacy of the complainant
without sacrificing Appellant’s attorney’s ability to raise any existing meritorious
claims on his client’s behalf.

 

Appellant
asserts further,

Although States need
not provide a mechanism for appeals, if they do, the Due Process Clause
requires that appeals conform to dictates of fundamental fairness and,
accordingly, that counsel be made available and render effective assistance.  Evitts
v. Lucey, 469 U.S. 387, 396 (1985).  It is also the case that, when a State
opts to act in a field where its action has significant discretionary elements,
it must nonetheless act in accord with the dictates of the Constitution and, in
particular, act in accord with the Due Process Clause.  Hicks v. Oklahoma,
447 U.S. 343, 346 (1979).

 

We
find many of Appellant’s arguments persuasive, and we decline to follow Kesterson. 
First, we find instructive the court of criminal appeals’s opinion in LaPointe
v. State.[4]  See 225 S.W.3d 513,
514–20 (Tex. Crim. App.), cert. denied, 552 U.S. 1015 (2007).  In LaPointe,
the trial court conducted two in camera hearings to determine the admissibility
of evidence under rule 412 that included only the trial court and the witnesses.
 Id. at 515.  The trial court declined to allow defense counsel to be
present or to cross-examine the witnesses for the purpose of making bills of
exception, and instead only allowed defense counsel to submit questions for the
trial court to ask the witnesses.  Id.  The court of appeals held that
the trial court’s procedure violated rule 412, as well as the appellant’s right
to confrontation and his right to effective assistance of counsel, and it abated
the appeal for a “retrospective” hearing in the presence of both parties, permitting
questioning by the parties’ counsel.  Id. at 515–16.  The court of
criminal appeals affirmed the judgment of the court of appeals, holding that
the “in camera proceeding contemplated by Rule 412 is an adversarial
hearing at which the parties are present and the attorneys are permitted to
question witnesses.”  Id. at 519–20.  Additionally, the court stated,

The State also argues
that the policy interest behind Rule 412 of protecting the victim’s privacy
requires interpreting the rule to allow the trial court to exclude the
defendant and his attorney from the hearing.  But, . . . the victim’s privacy
interest must be balanced against the defendant’s right to confrontation.  Rule
412 balances those interests by closing the hearing to spectators, so
that only a minimum number of people—the witness, the parties and their
attorneys, the judge, and the court reporter—are privy to the information
revealed.

 

Id. at
520.  Given that the complainant’s privacy interest must be balanced against an
appellant’s right to confrontation for purposes of one part of rule 412, it
follows that the same balance must be struck when addressing an appellant’s
right to access to the complete record on appeal.

Returning
for the moment to Kesterson, we are not persuaded by its reasoning that rule
of evidence 508 and the civil discovery rules support the court’s holding.  The
Kesterson court explained its reliance on those rules as follows:

In a case in which a
trial court denies a motion to disclose the identity of a confidential
informant, an appellant is not entitled to review the sealed record from the in
camera hearing on the issue before presenting his complaint on appeal.  See
generally Tex. R. Crim. Evid. 508 (procedure involved when defendant seeks
identity of confidential informant).  Similarly, when a party to a civil suit
seeks access to documents through discovery, that party is not entitled to
review documents subject to a claim of privilege that were sealed by the trial
court following an in camera hearing in preparing a complaint for appellate
review concerning the trial court’s ruling.  See generally Tex. R. Civ.
P. 166b(4) (presentation of objections); Volcanic Gardens Management Co. v.
Paxson, 847 S.W.2d 343, 348 (Tex. App.—El Paso 1993, orig. proceeding)
(discussing procedure involved in review of trial court ruling on discovery
issue).  Although not identical to the case involved here, these procedures
lend support to our disposition of appellant’s motion.

 

959
S.W.2d at 248–49.  While we do not necessarily disagree with the court’s
descriptions of these rules, these rules do not lend support to a holding that
denies an appellant’s counsel on appeal access to sealed records regarding a
rule 412 hearing.

For
instance, the current version of rule 508 specifically excludes the parties and
their counsel from in camera showings and disclosures regarding the identity of
a confidential informant.[5]  See Tex. R. Evid.
508(c)(2),[6] (3);[7]
LaPointe, 225 S.W.3d at 518.  Under rule 412(c), however, the in camera
proceeding is “an adversarial hearing at which the parties are present and the
attorneys are permitted to question witnesses.”  LaPointe, 225 S.W.3d
at 520.  Moreover, rule 508 explicitly provides that the record of an in camera
showing or an in camera disclosure “shall be sealed and preserved to be made
available to the appellate court in the event of an appeal, and the contents
shall not otherwise be revealed without consent of the public entity.” 
Tex. R. Evid. 508(c)(2), (3) (emphasis added).  Unlike rule 508, nothing in
rule 412 precludes unsealing the record of the in camera proceeding for counsel
on appeal.

Additionally,
while we do not disagree with the Kesterson court’s summary of the civil
discovery rules as they existed at the time of the opinion,[8]
the civil discovery rules then and now are sufficiently different in procedure
and purpose from rule 412 and therefore do not provide guidance.  See
Tex. R. Civ. P. 193.3, 193.4.  Indeed, rule 193.4 of the current civil
discovery rules states in part that “[i]f the court determines that an in
camera review of some or all of the requested discovery is necessary, that
material or information must be segregated and produced to the court in a
sealed wrapper within a reasonable time following the hearing.”  Id.
193.4(a) (emphasis added).  The rule further provides that “[t]o the extent the
court sustains the objection or claim of privilege, the responding party has
no further duty to respond to that request.”  Id.  193.4(b)
(emphasis added).

Thus,
under the civil discovery rules, information protected by privilege may not be
discovered by the party seeking the information.  See Tex. R. Civ. P.
192.3(a).  Under rule 508, if the privilege is upheld, the informant’s identity
may not be disclosed to the defendant without consent of the public entity.  See
Tex. R. Evid. 508.  Unlike either of these rules, under which the issue is
disclosure to the party seeking the information, the issue at an in camera hearing
under rule 412(c) is whether evidence or testimony will be admissible.  Here,
Appellant’s appellate counsel seeks access to the sealed records of rule 412 in
camera hearings that Appellant and his trial counsel attended and participated
in.[9]
 While the denial of access to sealed records under rule of evidence 508 and
the civil discovery rules is understandable to prevent disclosure of the very
information sought, the procedures and public policy reasons behind those rules
do not, in our view, apply to limited access to the sealed record for purposes
of raising a rule 412 complaint on the appeal of a criminal conviction.

The Kesterson
court also noted that appellant’s request to have access to the sealed record
was an issue of “first impression in Texas jurisprudence,” and it looked “to
the policy considerations underlying rule 412 in resolving this question.”  959
S.W.2d at 248.  As set out in the opinion above, the Kesterson court
noted that the purpose of the in camera hearing was to spare the complainant
any undue public embarrassment and that allowing the appellant access on appeal
to the sealed record of the hearing “would defeat the purpose of the rule from
the standpoint of the complainant.”  Id.  Applying the language and
reasoning of LaPointe to the rule 412(d) appellate process, however, a
balanced approach to addressing both parties’ rights and concerns appears
warranted.[10]  Notably, the court of
criminal appeals has acknowledged but declined to address this issue,
suggesting that denial of access to rule 412 sealed records could infringe on
an appellant’s right of appeal.  See Johnson v. State, 633 S.W.2d
888, 890 n.6 (Tex. Crim. App. [Panel Op.] 1982).  In Johnson, the court
of criminal appeals discussed the precursor statute to rule 412, section 21.13
of the Texas Penal Code,[11] and stated in a
footnote,

In his first three
grounds of error appellant makes the point that he must have access to the
transcription of the notes of the court reporter taken during the in camera
proceeding if his right to appeal adverse rulings of the trial court under §
21.13 is to have any meaning.  We reserve the point to another day since the
five pages of the record we have unsealed present such innocuous matters that
we would not be assisted in our evaluation of them by otherwise helpful
illumination from appellate advocacy.  Judicial economy dictates that we reject
appellant’s suggestion that the appeal be abated with instructions to the trial
court to give appellant access to the record of the in camera proceeding, and
await the day we are shown that denial of access seems to have infringed the
right of appeal.

 

Id. at
890 n.6.

Here,
Appellant’s cases have not yet been set for submission, and we are therefore
not in a position to determine whether denial of access would infringe on his right
of appeal.  We note, however, that the reporter’s record consists of eight volumes
of testimony, six of which relate to the guilt/innocence phase.  We
additionally note that the analysis in assessing the admissibility of the sealed
testimony may not be as straightforward as it appears.  For instance,

Rule 412(b) creates
exceptions to the general rule of inadmissibility, but erects a three-pronged
test for admissibility.  First, the defendant must comply with the procedural
requirements of Rule 412(c).  Second, the evidence must fall within at least
one of five categories enumerated in Rule 412(b)(2).  Third, even if the
evidence falls within one of the enumerated categories, the court must find
that its probative value outweighs the danger of unfair prejudice, which
includes, in this context, injury to the complainant’s privacy rights.  The
first four categories represent an attempt to identify those circumstances in
which evidence of previous sexual conduct is most likely to possess substantial
probative value. . . .  The fifth category is a catch-all provision, which
recognizes the futility of attempting to foresee and articulate every situation
in which such evidence might be crucial.

 

1
Steven Goode et al., Texas Practice Series: Guide to the Texas Rules
of Evidence § 412.3 (3d ed. 2002) (emphasis added) (footnotes
omitted).  While this court would be able to review the sealed portions of the
record for error, doing so without allowing Appellant’s appellate counsel
access to the sealed record would place the court in a position too similar to
that of an advocate as opposed to a neutral arbiter and also leave it without
guidance.  It thus seems better for our system of justice, as well as to assure
Appellant’s right to effective assistance of counsel on appeal, that Appellant’s
appellate counsel have limited access to the sealed record in order to assert
the arguments he deems best through the use of his professional judgment. See
Meyer v. State, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.)
(“[W]e are neither the appellant’s nor the appellee’s advocate.  We have an
interest in a just adjudication, but also have an interest in remaining
impartial.”).

In
light of the foregoing, we conclude that the complainant’s privacy rights and
Appellant’s right to a meaningful appeal can each be adequately protected
through specific orders from this court.[12]

Thus,
we grant in part Appellant’s “Motion to Unseal Trial Court Record.” The sealed
portions of the reporter’s record are ordered unsealed but only as to the
attorneys of record for the purpose of preparing the parties’ briefs and
motions to this court.  Appellate counsel for Appellant and the State shall be
allowed to review the contents of the sealed records at the office of the Clerk
of this court during regular office hours.  The parties’ counsel may not copy
or check out the sealed records. The parties’ counsel are permitted to take
notes, provided, however, that counsel are ordered to immediately destroy any
such notes once this court has issued its mandate in these cases.  The parties and
their counsel are ordered not to disclose or disseminate any information
contained in the sealed records to any other person or entity.

The
parties are ordered to file their briefs under seal and in paper form only.  See
2nd Tex. App. (Fort Worth) Loc. R. 7(A).  The parties are ordered to place the
original brief and each copy in separate sealed envelopes to which is securely
affixed a photocopy of the brief’s cover page and the following statement: 
“CONFIDENTIAL—Brief sealed by order of the Court of Appeals; not to be made
public except by order of the Court.”




To
the extent Appellant makes any additional requests that are not covered by this
order, they are denied.

 

 

ANNE GARDNER

JUSTICE

 

 

PANEL: 
GARDNER,
MCCOY, and MEIER, JJ.

 

PUBLISH

 

DELIVERED:  February 21,
2013

 

 

 








 









[1]After
Appellant filed his notice of appeal in this court, and after the clerk’s and
reporter’s records had been filed, Appellant filed a motion with the trial
court asking that court to unseal portions of the record sealed pursuant to
rule 412, so that they could be made available to his attorney for purposes of
his appeal.  After holding a hearing on the issue, the trial court denied the
motion.





[2]The Dallas Court of Appeals has reaffirmed its holding in Kesterson. 
See Escobar v. State, No. 05-07-01716-CR, 2009 WL 3366551, at *1 (Tex.
App.—Dallas Oct. 21, 2009, pet. ref’d) (op. on reh’g) (not designated for
publication).  At least two of our sister courts have followed Kesterson. 
See Buchanan v. State, No. 11-00-00368-CR, 2002 WL 32341839, at *1–3
(Tex. App.—Eastland Nov. 7, 2002, no pet.) (not designated for publication);
McNaspy v. State, No. 14-96-01317-CR, 1999 WL 548371, at *2–3 (Tex. App.—Houston [14th Dist.] July 29,
1999, pet. ref’d) (not designated for publication), cert. denied,
531 U.S. 926 (2000).





[3]Compare
Tex. R. Evid. 412 with Tex. R. Crim. Evid. 412, 701–702 S.W.2d (Tex.
Cases) XXIX, XXXIX–XL (1985, amended 1997).  Rule 412(e) was repealed,
effective January 1, 2007.  See 209 S.W.3d (Tex. Cases) XXI, XXIII
(2006), 69 Tex. B.J. 960, 961 (2006).





[4]Notably, the LaPointe opinion was issued ten years after Kesterson.





[5]The
wording of the prior and current rule is substantially the same.  Compare Tex.
R. Evid. 508 with Tex. R. Crim. Evid. 508, 701–702 S.W.2d (Tex. Cases)
XXIX, XLIV (1985, amended 1997).





[6]Rule 508(c)(2) provides that “[a]ll counsel and parties shall be
permitted to be present at every stage of proceedings under this subdivision
except a showing in camera, at which no counsel or party shall be permitted to
be present.”  Tex. R. Evid. 508(c)(2).





[7]Rule 508(c)(3) provides for in camera disclosure of an informant’s
identity and specifies that “[a]ll counsel and parties concerned
with the issue of legality shall be permitted to be present
at every stage of proceedings under this
subdivision except a disclosure in camera, at which no
counsel or party shall be permitted to be present.”  Id. 508(c)(3).





[8]See
Tex. R. Civ. P. 166(b), 793–794 S.W.2d (Tex. Cases) XXXI, XXXII–XXXIII (1990,
repealed 1998).





[9]We note
that it is not entirely clear from the Kesterson opinion whether the
parties participated in the in camera hearing.





[10]“A person does not have a constitutional right to appeal a criminal
conviction, but if state law does provide for appeal, then ‘a defendant’s right
of appeal must remain unfettered.’”  Lebo v. State, 90 S.W.3d 324, 328
(Tex. Crim. App. 2002) (quoting Ex parte Canada, 754 S.W.2d 660, 667 (Tex. Crim. App. 1988)).  In a footnote, the Lebo
court noted that the Canada opinion relied on the Fifth Circuit’s
holding in Robinson v. Beto that “‘[d]ue process requires that a state,
once it establishes avenues of appellate review, must keep those avenues free
of unreasoned distinctions that impede open and equal access to the courts.’”  Id.
at 328 n.16 (quoting Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970)); see
Evitts v. Lucey,
469 U.S. 387, 400–01, 105 S. Ct. 830, 838–39 (1985) (stating that when a state
opts to act in a field where its action has significant discretionary elements,
“it must nonetheless act in accord with the dictates of the Constitution—and,
in particular, in accord with the Due Process Clause”).





[11]The Johnson court summarized the statute at that time as
follows:

. . . [T]he statute
directs the trial court to conduct an in camera hearing to determine whether
testimony an accused proposes to adduce on the matter is “admissible,” and then
to “accordingly limit the questioning.”  [Section
21.13], subsection (b). Subsection (c) provides:  “The court
shall seal the record of the in camera hearing required in Subsection (b) . . .
for delivery to the appellate court in the event of an appeal.”

Id. at 889 n.1; see Act of May 15, 1975, 64th Leg., R.S., ch.
203, § 3, 1975 Tex. Gen. Laws 476, 477–78.  In 1983,
this statute was amended and redesignated as Tex. Penal Code Ann. § 22.065.  See
Act of June 19, 1983, 68th Leg., R.S., ch. 977, § 4, 1983 Tex. Gen. Laws 5311,
5315–16, repealed by Act of May 26, 1985, 69th Leg., R.S., ch. 685, § 9, 1985
Tex. Gen. Laws 2472, 2474 (current version at Tex. R. Evid. 412).





[12]We
note that in Kesterson, neither party suggested or requested sealing the
briefs on appeal or taking other steps to allow appellate counsel to view the
sealed record while protecting the complainant from public disclosure of the
record.