

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00488-CR
### NO. 02-12-00489-CR

DAVID VERNON DEES                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## ORDER AND OPINION

----------

A jury convicted Appellant David Vernon Dees of unlawful restraint, assault causing bodily injury, and two counts of sexual assault. The trial court sentenced him to four years in prison on the sexual assault counts and 365 days in jail on the other two counts, all to run concurrently.

Appellant has filed a motion asking this court to unseal portions of the reporter's record that were sealed pursuant to rule of evidence 412 and to make

them available to his appellate counsel for purposes of his appeals. *See* Tex. R. Evid. 412. Appellant specifically asks us to unseal the records of three in camera hearings conducted at the time of trial, which the trial court sealed pursuant to rule of evidence 412.[1] *Id.* The State asks us to deny Appellant's motion.

Rule 412 (the "rape shield law") governs the admissibility of a complainant's past sexual behavior in a sexual assault prosecution. *Id.*; *McGlothlin v. State*, 260 S.W.3d 124, 129 (Tex. App.—Fort Worth 2008, pet. ref'd). Specific instances of the complainant's past sexual behavior are inadmissible unless it is evidence

(A) that is necessary to rebut or explain scientific or medical evidence offered by the State;

(B) of past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior which is the basis of the offense charged;

(C) that relates to the motive or bias of the alleged victim;

(D) that is admissible under Rule 609; or

(E) that is constitutionally required to be admitted[.]

Tex. R. Evid. 412(b)(2). Even if evidence of past sexual behavior is presumptively admissible under rule 412(b)(2), the court must exclude the

---

[1]After Appellant filed his notice of appeal in this court, and after the clerk's and reporter's records had been filed, Appellant filed a motion with the trial court asking that court to unseal portions of the record sealed pursuant to rule 412, so that they could be made available to his attorney for purposes of his appeal. After holding a hearing on the issue, the trial court denied the motion.

evidence unless "its probative value outweighs the danger of unfair prejudice."

*Id.* 412(b)(3). The rule further provides as follows:

> **(c) Procedure for Offering Evidence.** If the defendant proposes to introduce any documentary evidence or to ask any question . . . of any witness, concerning specific instances of the alleged victim's past sexual behavior, the defendant must inform the court out of the hearing of the jury prior to introducing any such evidence or asking any such question. After this notice, the court shall conduct an in camera hearing, recorded by the court reporter, to determine whether the proposed evidence is admissible under paragraph (b) of this rule. . . .
>
> **(d) Record Sealed.** The court shall seal the record of the in camera hearing required in paragraph (c) of this rule for delivery to the appellate court in the event of an appeal.

*Id.* 412(c), (d).

Rule 412(d) does not specifically address the unsealing of the record for review by parties to the appeal. The Dallas Court of Appeals has held, however, that "an appellant is not entitled to review the sealed record from an in camera hearing conducted pursuant to rule 412 to determine what complaints to raise on appeal."[2] *Kesterson v. State*, 959 S.W.2d 247, 248–49 (Tex. App.—Dallas 1997, no pet.) (discussing Tex. R. Crim. Evid. 412, which in 1997 contained

---

[2]The Dallas Court of Appeals has reaffirmed its holding in *Kesterson*. *See Escobar v. State*, No. 05-07-01716-CR, 2009 WL 3366551, at *1 (Tex. App.—Dallas Oct. 21, 2009, pet. ref'd) (op. on reh'g) (not designated for publication). At least two of our sister courts have followed *Kesterson*. *See Buchanan v. State*, No. 11-00-00368-CR, 2002 WL 32341839, at *1–3 (Tex. App.—Eastland Nov. 7, 2002, no pet.) (not designated for publication); *McNaspy v. State*, No. 14-96-01317-CR, 1999 WL 548371, at *2–3 (Tex. App.—Houston [14th Dist.] July 29, 1999, pet. ref'd) (not designated for publication), *cert. denied*, 531 U.S. 926 (2000).

substantially the same wording as the rule's current version, except for subsection (e) which has been repealed).[3] In discussing rule 412, the *Kesterson* court stated,

> Its purpose is to protect a complainant's previous sexual conduct from exposure, except in limited circumstances. *Wofford* [*v. State*], 903 S.W.2d [796,] 798 [(Tex. App.—Dallas 1995, pet. ref'd)]. The "limitation attempts to avoid abusive, embarrassing, and irrelevant inquiries into a complainant's private life." *Wofford*, 903 S.W.2d at 798. Rule 412 was designed to "eliminate trial practices that may have frustrated society's vital interest in the prosecution of sexual crimes." *Cuyler v. State*, 841 S.W.2d 933, 936 (Tex. App.—Austin 1992, no pet.), *disapproved on other grounds by Halstead v. State*, 891 S.W.2d 11, 12 n. 1 (Tex. App.—Austin 1994, no pet.) (per curiam).

*Id.* at 248. The court further stated, "If this Court were now to unseal the record of the in camera hearing for appellant's use, we would be making public the very information subsections (c) and (d) of rule 412 are intended to keep private. Such action would defeat the purpose of the rule from the standpoint of the complainant." *Id.* (citing Hulen D. Wendorf, et al., *Texas Rules of Evidence Manual* IV-170 (4th ed. 1995)). The court also noted,

> We are cognizant of the fact that without the record of the in camera hearing, appellant will be unable to make specific references in his brief to the testimony from the hearing. Nevertheless, this will not unduly hinder appellant in preparing any complaints he may have regarding the testimony presented at the hearing. Appellant can still identify what he believes was the general nature of the testimony

---

[3]*Compare* Tex. R. Evid. 412 *with* Tex. R. Crim. Evid. 412, 701–702 S.W.2d (Tex. Cases) XXIX, XXXIX–XL (1985, amended 1997). Rule 412(e) was repealed, effective January 1, 2007. *See* 209 S.W.3d (Tex. Cases) XXI, XXIII (2006), 69 Tex. B.J. 960, 961 (2006).

4

involved and discuss why he believes the trial court erred in its ruling.

*Id.*

Based on *Kesterson*, the State requests that we deny Appellant's motion to unseal the records and that we permit him to identify what he believes is the general nature of the testimony presented at the in camera hearing and to brief his complaints in light of the record available to him.   The State adds that "this Court should conduct a review mindful of the fact that briefing may be less specific than usual due to Appellant's inability to review the sealed portion of the record."

Appellant asserts that without access to the sealed records, his counsel will be "unduly hampered in his ability to raise any claims related to the testimony given by [the] complainant at the hearing[s]" and that "specific references to the record are precisely what is required, for [his counsel] to show the complainant's bias and motivation to offer false evidence against Appellant at trial."   He states that "[w]ithout specific references to the record, an appeal would be meaningless and rarely be met with success."   He contends,

> The issue at hand does not involve a zero-sum determination. Appellant's right to a meaningful appeal and the complainant's right to privacy can be balanced against one another. . . . [T]he Court is within its power to order the entire appeal in this cause sealed, and to restrict the dissemination of the Rule 412 hearing transcripts to *no one* but the attorney representing Appellant on appeal.
>
> Such measures would serve the interests of Rule 412's concern for the privacy of the complainant without sacrificing

Appellant's attorney's ability to raise any existing meritorious claims on his client's behalf.

Appellant asserts further,

Although States need not provide a mechanism for appeals, if they do, the Due Process Clause requires that appeals conform to dictates of fundamental fairness and, accordingly, that counsel be made available and render effective assistance. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). It is also the case that, when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution and, in particular, act in accord with the Due Process Clause. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1979).

We find many of Appellant's arguments persuasive, and we decline to follow *Kesterson*. First, we find instructive the court of criminal appeals's opinion in *LaPointe v. State*.[4] *See* 225 S.W.3d 513, 514–20 (Tex. Crim. App.), *cert. denied*, 552 U.S. 1015 (2007). In *LaPointe*, the trial court conducted two in camera hearings to determine the admissibility of evidence under rule 412 that included only the trial court and the witnesses. *Id.* at 515. The trial court declined to allow defense counsel to be present or to cross-examine the witnesses for the purpose of making bills of exception, and instead only allowed defense counsel to submit questions for the trial court to ask the witnesses. *Id.* The court of appeals held that the trial court's procedure violated rule 412, as well as the appellant's right to confrontation and his right to effective assistance of counsel, and it abated the appeal for a "retrospective" hearing in the presence of both parties, permitting questioning by the parties' counsel. *Id.* at 515–16.

---

[4]Notably, the *LaPointe* opinion was issued ten years after *Kesterson*.

6

The court of criminal appeals affirmed the judgment of the court of appeals, holding that the "*in camera* proceeding contemplated by Rule 412 is an adversarial hearing at which the parties are present and the attorneys are permitted to question witnesses." *Id.* at 519–20. Additionally, the court stated,

> The State also argues that the policy interest behind Rule 412 of protecting the victim's privacy requires interpreting the rule to allow the trial court to exclude the defendant and his attorney from the hearing. But, . . . the victim's privacy interest must be balanced against the defendant's right to confrontation. Rule 412 balances those interests by closing the hearing to *spectators*, so that only a minimum number of people—the witness, the parties and their attorneys, the judge, and the court reporter—are privy to the information revealed.

*Id.* at 520. Given that the complainant's privacy interest must be balanced against an appellant's right to confrontation for purposes of one part of rule 412, it follows that the same balance must be struck when addressing an appellant's right to access to the complete record on appeal.

Returning for the moment to *Kesterson*, we are not persuaded by its reasoning that rule of evidence 508 and the civil discovery rules support the court's holding. The *Kesterson* court explained its reliance on those rules as follows:

> In a case in which a trial court denies a motion to disclose the identity of a confidential informant, an appellant is not entitled to review the sealed record from the in camera hearing on the issue before presenting his complaint on appeal. *See generally* Tex. R. Crim. Evid. 508 (procedure involved when defendant seeks identity of confidential informant). Similarly, when a party to a civil suit seeks access to documents through discovery, that party is not entitled to review documents subject to a claim of privilege that were sealed by the trial court following an in camera hearing in preparing a

7

complaint for appellate review concerning the trial court's ruling. *See generally* Tex. R. Civ. P. 166b(4) (presentation of objections); *Volcanic Gardens Management Co. v. Paxson*, 847 S.W.2d 343, 348 (Tex. App.—El Paso 1993, orig. proceeding) (discussing procedure involved in review of trial court ruling on discovery issue). Although not identical to the case involved here, these procedures lend support to our disposition of appellant's motion.

959 S.W.2d at 248–49. While we do not necessarily disagree with the court's descriptions of these rules, these rules do not lend support to a holding that denies an appellant's counsel on appeal access to sealed records regarding a rule 412 hearing.

For instance, the current version of rule 508 specifically excludes the parties and their counsel from in camera showings and disclosures regarding the identity of a confidential informant.[5] *See* Tex. R. Evid. 508(c)(2),[6] (3);[7] *LaPointe*, 225 S.W.3d at 518. Under rule 412(c), however, the in camera proceeding is "an adversarial hearing at which the parties are present and the attorneys are permitted to question witnesses." *LaPointe*, 225 S.W.3d at 520. Moreover, rule

---

[5]The wording of the prior and current rule is substantially the same. *Compare* Tex. R. Evid. 508 *with* Tex. R. Crim. Evid. 508, 701–702 S.W.2d (Tex. Cases) XXIX, XLIV (1985, amended 1997).

[6]Rule 508(c)(2) provides that "[a]ll counsel and parties shall be permitted to be present at every stage of proceedings under this subdivision except a showing in camera, at which no counsel or party shall be permitted to be present." Tex. R. Evid. 508(c)(2).

[7]Rule 508(c)(3) provides for in camera disclosure of an informant's identity and specifies that "[a]ll counsel and parties concerned with the issue of legality shall be permitted to be present at every stage of proceedings under this subdivision except a disclosure in camera, at which no counsel or party shall be permitted to be present." *Id.* 508(c)(3).

8

508 explicitly provides that the record of an in camera showing or an in camera disclosure "shall be sealed and preserved to be made available to the appellate court in the event of an appeal, *and the contents shall not otherwise be revealed without consent of the public entity*."   Tex. R. Evid. 508(c)(2), (3) (emphasis added).   Unlike rule 508, nothing in rule 412 precludes unsealing the record of the in camera proceeding for counsel on appeal.

Additionally, while we do not disagree with the *Kesterson* court's summary of the civil discovery rules as they existed at the time of the opinion,[8] the civil discovery rules then and now are sufficiently different in procedure and purpose from rule 412 and therefore do not provide guidance.   *See* Tex. R. Civ. P. 193.3, 193.4.   Indeed, rule 193.4 of the current civil discovery rules states in part that "[i]f the court determines that an *in camera* review of some or all of the requested discovery is necessary, that material or information must be segregated and produced to the court in a sealed wrapper within a reasonable time following the hearing."   *Id.* 193.4(a) (emphasis added).   The rule further provides that "[t]o the extent the court sustains the objection or claim of privilege, the responding party *has no further duty to respond to that request*."   *Id.* 193.4(b) (emphasis added).

Thus, under the civil discovery rules, information protected by privilege may not be discovered by the party seeking the information.   *See* Tex. R. Civ. P. 192.3(a).   Under rule 508, if the privilege is upheld, the informant's identity may

---

[8]*See* Tex. R. Civ. P. 166(b), 793–794 S.W.2d (Tex. Cases) XXXI, XXXII–XXXIII (1990, repealed 1998).

not be disclosed to the defendant without consent of the public entity. *See* Tex. R. Evid. 508. Unlike either of these rules, under which the issue is disclosure to the party seeking the information, the issue at an in camera hearing under rule 412(c) is whether evidence or testimony will be admissible. Here, Appellant's appellate counsel seeks access to the sealed records of rule 412 in camera hearings that Appellant and his trial counsel attended and participated in.[9] While the denial of access to sealed records under rule of evidence 508 and the civil discovery rules is understandable to prevent disclosure of the very information sought, the procedures and public policy reasons behind those rules do not, in our view, apply to limited access to the sealed record for purposes of raising a rule 412 complaint on the appeal of a criminal conviction.

The *Kesterson* court also noted that appellant's request to have access to the sealed record was an issue of "first impression in Texas jurisprudence," and it looked "to the policy considerations underlying rule 412 in resolving this question." 959 S.W.2d at 248. As set out in the opinion above, the *Kesterson* court noted that the purpose of the in camera hearing was to spare the complainant any undue public embarrassment and that allowing the appellant access on appeal to the sealed record of the hearing "would defeat the purpose of the rule from the standpoint of the complainant." *Id.* Applying the language and reasoning of *LaPointe* to the rule 412(d) appellate process, however, a

---

[9]We note that it is not entirely clear from the *Kesterson* opinion whether the parties participated in the in camera hearing.

10

balanced approach to addressing both parties' rights and concerns appears warranted.[10]  Notably, the court of criminal appeals has acknowledged but declined to address this issue, suggesting that denial of access to rule 412 sealed records could infringe on an appellant's right of appeal.  *See Johnson v. State*, 633 S.W.2d 888, 890 n.6 (Tex. Crim. App. [Panel Op.] 1982).  In *Johnson*, the court of criminal appeals discussed the precursor statute to rule 412, section 21.13 of the Texas Penal Code,[11] and stated in a footnote,

[10]"A person does not have a constitutional right to appeal a criminal conviction, but if state law does provide for appeal, then 'a defendant's right of appeal must remain unfettered.'"  *Lebo v. State*, 90 S.W.3d 324, 328 (Tex. Crim. App. 2002) (quoting *Ex parte Canada*, 754 S.W.2d 660, 667 (Tex. Crim. App. 1988)).  In a footnote, the *Lebo* court noted that the *Canada* opinion relied on the Fifth Circuit's holding in *Robinson v. Beto* that "'[d]ue process requires that a state, once it establishes avenues of appellate review, must keep those avenues free of unreasoned distinctions that impede open and equal access to the courts.'"  *Id.* at 328 n.16 (quoting *Robinson v. Beto*, 426 F.2d 797 (5th Cir. 1970)); *see Evitts v. Lucey*, 469 U.S. 387, 400–01, 105 S. Ct. 830, 838–39 (1985) (stating that when a state opts to act in a field where its action has significant discretionary elements, "it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause").

[11]The *Johnson* court summarized the statute at that time as follows:

> . . . [T]he statute directs the trial court to conduct an in camera hearing to determine whether testimony an accused proposes to adduce on the matter is "admissible," and then to "accordingly limit the questioning."  [Section 21.13], subsection (b). Subsection (c) provides:  "The court shall seal the record of the in camera hearing required in Subsection (b) . . . for delivery to the appellate court in the event of an appeal."

*Id.* at 889 n.1; *see* Act of May 15, 1975, 64th Leg., R.S., ch. 203, § 3, 1975 Tex. Gen. Laws 476, 477–78.  In 1983, this statute was amended and redesignated as Tex. Penal Code Ann. § 22.065.  *See* Act of June 19, 1983, 68th Leg., R.S.,

> In his first three grounds of error appellant makes the point that he must have access to the transcription of the notes of the court reporter taken during the in camera proceeding if his right to appeal adverse rulings of the trial court under § 21.13 is to have any meaning. We reserve the point to another day since the five pages of the record we have unsealed present such innocuous matters that we would not be assisted in our evaluation of them by otherwise helpful illumination from appellate advocacy. Judicial economy dictates that we reject appellant's suggestion that the appeal be abated with instructions to the trial court to give appellant access to the record of the in camera proceeding, and await the day we are shown that denial of access seems to have infringed the right of appeal.

*Id.* at 890 n.6.

Here, Appellant's cases have not yet been set for submission, and we are therefore not in a position to determine whether denial of access would infringe on his right of appeal. We note, however, that the reporter's record consists of eight volumes of testimony, six of which relate to the guilt/innocence phase. We additionally note that the analysis in assessing the admissibility of the sealed testimony may not be as straightforward as it appears. For instance,

> Rule 412(b) creates exceptions to the general rule of inadmissibility, but erects a three-pronged test for admissibility. First, the defendant must comply with the procedural requirements of Rule 412(c). Second, the evidence must fall within at least one of five categories enumerated in Rule 412(b)(2). Third, even if the evidence falls within one of the enumerated categories, the court must find that its probative value outweighs the danger of unfair prejudice, which includes, in this context, injury to the complainant's privacy rights. The first four categories represent an attempt to identify those circumstances in which evidence of previous sexual conduct is most

---

ch. 977, § 4, 1983 Tex. Gen. Laws 5311, 5315–16, repealed by Act of May 26, 1985, 69th Leg., R.S., ch. 685, § 9, 1985 Tex. Gen. Laws 2472, 2474 (current version at Tex. R. Evid. 412).

> likely to possess substantial probative value. . . . *The fifth category is a catch-all provision, which recognizes the futility of attempting to foresee and articulate every situation in which such evidence might be crucial.*

1 Steven Goode et al., *Texas Practice Series*: *Guide to the Texas Rules of Evidence* § 412.3 (3d ed. 2002) (emphasis added) (footnotes omitted). While this court would be able to review the sealed portions of the record for error, doing so without allowing Appellant's appellate counsel access to the sealed record would place the court in a position too similar to that of an advocate as opposed to a neutral arbiter and also leave it without guidance. It thus seems better for our system of justice, as well as to assure Appellant's right to effective assistance of counsel on appeal, that Appellant's appellate counsel have limited access to the sealed record in order to assert the arguments he deems best through the use of his professional judgment. *See Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.) ("[W]e are neither the appellant's nor the appellee's advocate. We have an interest in a just adjudication, but also have an interest in remaining impartial.").

In light of the foregoing, we conclude that the complainant's privacy rights and Appellant's right to a meaningful appeal can each be adequately protected through specific orders from this court.[12]

---

[12]We note that in *Kesterson*, neither party suggested or requested sealing the briefs on appeal or taking other steps to allow appellate counsel to view the sealed record while protecting the complainant from public disclosure of the record.

13

Thus, we grant in part Appellant's "Motion to Unseal Trial Court Record." The sealed portions of the reporter's record are ordered unsealed but only as to the attorneys of record for the purpose of preparing the parties' briefs and motions to this court. Appellate counsel for Appellant and the State shall be allowed to review the contents of the sealed records at the office of the Clerk of this court during regular office hours. The parties' counsel may not copy or check out the sealed records. The parties' counsel are permitted to take notes, provided, however, that counsel are ordered to immediately destroy any such notes once this court has issued its mandate in these cases. The parties and their counsel are ordered not to disclose or disseminate any information contained in the sealed records to any other person or entity.

The parties are ordered to file their briefs under seal and in paper form only. *See* 2nd Tex. App. (Fort Worth) Loc. R. 7(A). The parties are ordered to place the original brief and each copy in separate sealed envelopes to which is securely affixed a photocopy of the brief's cover page and the following statement: "CONFIDENTIAL—Brief sealed by order of the Court of Appeals; not to be made public except by order of the Court."

To the extent Appellant makes any additional requests that are not covered by this order, they are denied.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MCCOY, and MEIER, JJ.

PUBLISH

DELIVERED: February 21, 2013

15