

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00373-CR

**ANTHONY MARK GARCIA,**

          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

          **Appellee**

---

**From the 220th District Court**
**Bosque County, Texas**
**Trial Court No. CR 14712**

---

## O R D E R

---

Anthony Mark Garcia was convicted of sexual assault of a child on October 2, 2013. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011). During the course of the trial court proceedings, there were two hearings conducted under the "Rape Shield Law," Texas Rule of Evidence 412. Present for the hearings were the trial court, trial counsel representing Garcia, Garcia, trial counsel representing the State, the reporter, and the witness. In compliance with the requirements of the rule, the trial court sealed

the record from those hearings. TEX. R. EVID. 412(d). The trial court appointed appellate counsel for Garcia which was different than Garcia's trial counsel. Appellate counsel has sought to "unseal" the record for the stated purpose of properly representing his client on appeal.

The briefing for this appeal has been delayed because appellate counsel has been attempting to "unseal" the 412 hearings record.

First, appellate counsel asked the trial court to "unseal" the record so that he could review it for purposes of the appeal. Specifically counsel requested "the records pertaining to those hearings be unsealed so that the relevant points may be briefed in the pending Appeal." This request was accompanied in the trial court with a copy of Garcia's motion for extension of time to file the brief which had been filed with the Clerk of this Court. The basis for that motion included the representation that counsel was "waiting on the Court Reporter's Sealed Records to be unsealed."

Second, appellate counsel informed the Clerk of this Court that the trial court would not rule on his request to "unseal" the record. The Clerk responded that the "Court cannot act regarding this matter without a formal motion to the Court." We also note that the trial court could not rule on the request filed in the trial court because when the record was filed in the appeal, the trial court lost jurisdiction to rule on the matter absent abatement for that purpose from this Court. *See* TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate courts, all further proceedings in the

trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court received the appellate-court mandate.").

Appellate counsel has now filed a "Motion to Unseal Records." The motion does not cite any authority or bases for "unsealing" the record and we have found no authority to do so. To "unseal" the record would be contrary to the rule and the legitimate legislative purpose for sealing the record. *See Kesterson v. State*, 959 S.W.2d 247, 248 (Tex. App.—Dallas 1997, order). The motion to unseal the record of the Rule 412 hearing is hereby denied. This is largely a problem that counsel has sought an impermissible remedy for what he seeks to achieve on behalf of his client as will be more fully described below.

Notwithstanding that we have denied Garcia's request to "unseal" the record, we recognize Garcia has a right to have his appellate counsel review the record to determine whether there is an arguable issue to be advanced upon appeal. *See Dees v. State*, ___ S.W.3d ___, Nos. 02-12-00488-CR, 02-12-00489-CR, 2013 Tex. App. LEXIS 1731, *6-9 (Tex. App.—Fort Worth Feb. 21, 2013, order) (publish). The remedy is not to "unseal" the record. Such a ruling would make the record generally available to all the public. Rather the proper remedy, which strikes the proper balance to be achieved by the Rule 412 procedure, is to allow counsel access to review the record. *See id*. *14; *cf*. *Kesterson*, 959 S.W.2d at 248.

Accordingly, the Clerk is ordered to allow Garcia's appellate counsel access to

the sealed Rule 412 hearing records for review for the limited purpose of determining whether any meritorious appellate issue can be raised based upon the contents thereof, and if so, to present an issue on appeal related thereto. The attorney is authorized to have access when and as necessary during the Clerk's normal business hours to review the record. The attorney is authorized to view the record multiple times as necessary to fulfill his obligations to his client but should work with the Clerk and the Clerk's staff to facilitate access to the record without undue burden on the attorney or the Clerk and Clerk's staff. The attorney may not make, obtain, or manually transcribe a copy of the record. The attorney may, however, make notes but only as necessary to conduct relevant research and to prepare and present an issue in this appeal regarding the Rule 412 hearings and the trial court's rulings, if any, related thereto. Any such notes are hereby ordered to be destroyed no later than when the mandate for this proceeding is issued, whether it is issued by this Court or the Court of Criminal Appeals.

If an issue is presented to this Court regarding the Rule 412 hearing and the trial court's ruling related thereto, that issue, in its entirety, must be contained in a separate brief. The brief must be completely separate from Garcia's primary brief and cannot contain any other issue. The primary brief should reference only the existence of the briefing on the Rule 412 issue. The Rule 412 brief must not be electronically filed and the original and three copies must be filed only in a paper format even if the primary brief is electronically filed.

The Rule 412 brief must be submitted for filing and served in a separate wrapper clearly marked as being "Submitted under Seal in accordance with Rule 412 and the July 10, 2014 order of the Tenth Court of Appeals" on both the wrapper containing the brief and the cover of the original and each copy of the brief. Each copy, including drafts and electronic copies, of the brief retained by appellate counsel must likewise be sealed and covered, or destroyed.

If Garcia files a Rule 412 issue on appeal, the attorney representing the State in this appeal is hereby granted access to the Rule 412 records in the same manner as Garcia's appellate counsel, and the State's brief in response to Garcia's Rule 412 brief must be filed, served, and retained in the same manner as Garcia's Rule 412 brief and the State's notes, if any, likewise destroyed when the mandate is issued.

Disclosure of the contents of the Rule 412 record in any form, including briefing, must be accompanied with a copy of this order and is expressly limited to Garcia's duly Appointed Appellate Counsel and necessary assistants, the attorneys representing the State in this appeal and necessary assistants, and members and staff of the Tenth Court of Appeals. Any other disclosure, without specific authorization from this Court, is prohibited and may be punished by contempt of court.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Order issued and filed July 10, 2014
Publish