# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00329-CR

**Brandon Robisheaux, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2012-042, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellant Brandon Robisheaux was convicted of two counts of sexual assault of a child. During trial, the trial court held two in-camera hearings, the reporter's records of which were sealed. *See* Tex. R. Evid. 412.[1] Robisheaux's appellate counsel has filed a motion seeking access to the sealed record in order to identify appellate issues and prepare Robisheaux's brief. The State has filed a response opposing Robisheaux's motion and asserting we should follow the line of court of appeals cases that refuse to grant access to records sealed under rule 412. *See Escobar v. State*, No. 05-07-01716-CR, 2009 WL 3366551, at *1 (Tex. App.—Dallas Oct. 21, 2009, pet. ref'd) (not

---

[1] In a prosecution for sexual assault, evidence of the victim's past sexual behavior may be admitted for very limited purposes. Tex. R. Evid. 412(b). If the defendant seeks to introduce such evidence, he must inform the trial court of his intention, and the trial court must then "conduct an in camera hearing" to determine whether the evidence is admissible. *Id*. R. 412(c). The reporter's record of that hearing shall be sealed "for delivery to the appellate court in the event of an appeal." *Id.* R. 412(d).

designated for publication); *Buchanan v. State*, No. 11-00-00368-CR, 2002 WL 32341839, at *2 (Tex. App.—Eastland Nov. 7, 2002, no pet.) (not designated for publication); *McNaspy v. State*, No. 14-96-01317-CR, 1999 WL 548371, at *3-4 (Tex. App.—Houston [14th Dist.] July 29, 1999, pet. ref'd) (not designated for publication). All of those cases rely on *Kesterson v. State*, 959 S.W.2d 247 (Tex. App.—Dallas 1997, no pet.), in which the Dallas Court of Appeals held that "an appellant is not entitled to review the sealed record from an in camera hearing conducted pursuant to rule 412 to determine what complaints to raise on appeal." *Id.* at 249. The *Kesterson* court drew a comparison between rule 412 and rules governing a motion to disclose a confidential informant's identity or a civil discovery dispute related to assertions of privilege and reasoned that, although an "appellant will be unable to make specific references in his brief to the testimony from the hearing," "this will not unduly hinder appellant in preparing any complaints he may have regarding the testimony presented at the hearing. Appellant can still identify what he believes was the general nature of the testimony involved and discuss why he believes the trial court erred in its ruling." *Id.* at 248-49.

After *Kesterson* was decided, however, the court of criminal appeals considered how a rule 412 hearing should be conducted and held that such a hearing is "an adversarial hearing at which the parties are present and the attorneys are permitted to question witnesses." *LaPointe v. State*, 225 S.W.3d 513, 520 (Tex. Crim. App. 2007). In *LaPointe*, the court held that the purpose underlying rule 412, to protect a victim's privacy, must be weighed against a defendant's right to confrontation and that rule 412 "balances those interests by closing the hearing to spectators, so that only a minimum number of people—the witness, the parties and their attorneys, the judge, and the court reporter—are privy to the information revealed." *Id.*

2

After *LaPointe* was decided, the Fort Worth Court of Appeals considered the issue before us today: whether a defendant may seek to unseal portions of the reporter's record sealed under rule 412 for purposes of appeal. *Dees v. State*, No. 02-12-00488-CR, 2013 WL 627046, at *1 (Tex. App.—Fort Worth Feb. 21, 2013, order) (not designated for publication). The *Dees* court declined to follow *Kesterson* and distinguished the rules cited for comparison in *Kesterson*, noting that the rule governing a motion to identify a confidential informant specifically excluded the party and counsel from the "showing in camera,"[2] and that the rules related to assertions privilege in civil discovery[3] were "sufficiently different in procedure and purpose from rule 412" that they did not provide guidance. *Id.* at *4-5.

The court looked to the language in *LaPointe* discussing the balancing of a victim's privacy interests against a defendant's right to confrontation and stated:

> Given that the complainant's privacy interest must be balanced against an appellant's right to confrontation for purposes of one part of rule 412, it follows that the same balance must be struck when addressing an appellant's right to access to the complete record on appeal.

*Id.* at *3. The *Dees* court held that, to ensure a defendant's right to effective assistance of counsel, counsel should be given "limited access to the sealed record in order to assert the arguments he deems best through the use of his professional judgment." *Id.* at *6. The court granted access only to the attorneys of record and placed strict limits on how counsel could view the record and use information gleaned from the record. *Id.*

---

[2] *See* Tex. R. Evid. 508(c)(2).

[3] *See* Tex. R. Civ. P. 193.3, .4.

3

We have reviewed rule 412 and the rules of appellate procedure, which require all briefs to contain record references, *see* Tex. R. App. P. 38.1(d), (g), and compared *Dees* to *Kesterson* and its progeny. We find the logic of the *Dees* opinion, particularly in light of the reasoning in *LaPointe*, more persuasive, and we likewise decline to follow *Kesterson*. We grant Robisheaux's motion to the following degree:

- The sealed portions of the reporter's record are ordered unsealed only as to the attorneys of record for the purpose of preparing the parties' briefs and motions to this court.

- Appellate counsel for Robisheaux and the State may review the contents of the sealed records at the office of the Clerk of this Court during regular office hours but may not copy or check out the sealed records.

- Counsel may take notes but are ordered to immediately destroy any such notes once this Court has issued its mandate in this case.

- The parties and their counsel are ordered not to disclose or disseminate any information contained in the sealed records to any other person or entity.

- Should the parties address any arguments related to any evidence contained in the sealed records, the parties are ordered to file their briefs under seal and in paper form only. The parties should file only one original of each brief, which should be unbound, and the cover of each brief should clearly state that the brief is sealed by order of this Court.

It is ordered February 13, 2015.

Before Justices Puryear, Pemberton, and Bourland

Publish

4