**Samuel UKWUACHU, Appellant**

v.

**The STATE of Texas, Appellee**

No. 10–15–00376–CR

Court of Appeals of Texas, Waco.

Order issued and filed January 28, 2016

William A. Bratton III, Attorney at Law, Dallas, TX, for Appellant/Relator.

Abel Reyna, McLennan County District Attorney, Sterling Harmond, McLennan County Asst. District Attorney, Waco, TX, for Appellees/Respondents.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

## ORDER

PER CURIAM

Samuel Ukwuachu was convicted on August 21, 2015 of sexual assault. *See* Tex. Penal Code Ann. § 22.011 (West 2011). During the course of the trial court proceedings, there were two hearings conducted under the "Rape Shield Law," Texas Rule of Evidence 412. Present for the hearings were the trial court, trial counsel representing Ukwuachu, Ukwuachu, trial counsel representing the State, the reporter, and the witness. In compliance with the requirements of the rule, the trial court sealed the record from those hearings. Tex. R. Evid. 412(d). Ukwuachu retained counsel on appeal which was different than Ukwuachu's trial counsel. By motion filed with this Court, appellate counsel seeks to be provided with the two volumes of the reporter's record, Volumes 6 and 9, which contain the sealed hearings for use in the preparation of Ukwuachu's appellate brief.

We recognize Ukwuachu has a right to have his appellate counsel review the record to determine whether there is an arguable issue to be advanced upon appeal. *See Dees v. State,* —— S.W.3d ——, —— ——, 2013 WL 627046, *2–4 (Tex.App.–Fort Worth Feb. 21, 2013, order) (publish). The remedy, which strikes the proper balance to be achieved by the Rule 412 procedure, is to allow counsel access to review the record. *Garcia v. State,* 2015 WL 458106 (Tex.App.–Waco July 10, 2014, order) (publish); *id.* *1, 2013 WL 627046, *5; *cf. Kesterson v. State,* 959 S.W.2d 247, 248 (Tex.App.–Dallas 1997, order).

Accordingly, the Clerk is ordered to allow Ukwuachu's appellate counsel access to the sealed Rule 412 hearing records for review for the limited purpose of determining whether any meritorious appellate issue can be raised based upon the contents thereof, and if so, to present an issue on appeal related thereto. The attorney is authorized to have access when and as necessary during the Clerk's normal business hours to review the record. The attorney is authorized to view the record multiple times as necessary to fulfill his obligations to his client but should work with the Clerk and the Clerk's staff to facilitate access to the record without undue burden on the attorney or the Clerk and Clerk's staff. The attorney may not make, obtain, or manually transcribe a copy of the record. The attorney may, however, make notes but only as necessary to conduct relevant research and to pre-

pare and present an issue in this appeal regarding the Rule 412 hearings and the trial court's rulings, if any, related thereto. Any such notes are hereby ordered to be destroyed no later than when the mandate for this proceeding is issued, whether it is issued by this Court or the Court of Criminal Appeals.

If an issue is presented to this Court regarding the Rule 412 hearing and the trial court's ruling related thereto, that issue, in its entirety, must be contained in a separate brief. The brief must be completely separate from Ukwuachu's primary brief and cannot contain any other issue. The primary brief should reference only the existence of the briefing on the Rule 412 issue. The Rule 412 brief must not be electronically filed and the original and three copies must be filed only in a paper format even if the primary brief is electronically filed.

The Rule 412 brief must be submitted for filing and served in a separate wrapper clearly marked as being "Submitted under Seal in accordance with Rule 412 and the January 28, 2016 order of the Tenth Court of Appeals" on both the wrapper containing the brief and the cover of the original and each copy of the brief. Each copy, including drafts and electronic copies, of the brief retained by appellate counsel must likewise be sealed and covered, or destroyed.

If Ukwuachu files a Rule 412 issue on appeal, the attorney representing the State in this appeal is hereby granted access to the Rule 412 records in the same manner as Ukwuachu's appellate counsel, and the State's brief in response to Ukwuachu's Rule 412 brief must be filed, served, and retained in the same manner as Ukwuachu's Rule 412 brief and the State's notes, if any, likewise destroyed when the mandate is issued.

Disclosure of the contents of the Rule 412 record in any form, including briefing, must be accompanied with a copy of this order and is expressly limited to Ukwuachu's retained appellate counsel and necessary assistants, the attorneys representing the State in this appeal and necessary assistants, and members and staff of the Tenth Court of Appeals. Any other disclosure, without specific authorization from this Court, is prohibited and may be punished by contempt of court.

Ukwuachu's "Motion to Provide Appellant Counsel with Sealed Portion of Reporter's Record" is granted to the extent provided in this order. To the extent this order does not grant the relief requested, the motion is denied.