

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-17-00145-CR

_____

DAVID ANTHONY MARTIN, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 207th District Court
Comal County, Texas
Trial Court No. CR 2016-402; Honorable Bruce Boyer, Presiding

September 15, 2017

# ORDER

Before CAMPBELL and PIRTLE and PARKER, JJ.

By a single indictment, Appellant, David Anthony Martin, was charged with one count of aggravated kidnapping,[1] three counts of aggravated assault with an affirmative finding on use of a deadly weapon,[2] one count of possession of a controlled substance,

---

[1] TEX. PENAL CODE ANN. § 20.04 (West 2011).

[2] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

to-wit: methamphetamine, in an amount of one gram or more but less than four grams,[3] and three counts of tampering with physical evidence.[4] The trial court entered a judgment of acquittal as to one of the aggravated assault offenses and a jury convicted Appellant of the seven remaining offenses. The punishment range applicable on each offense was raised pursuant to the habitual offenders provisions of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2016). Appellant elected to have the court assess punishment and sentences were imposed ranging from 60 years confinement on the aggravated kidnapping charge, to 50 years confinement on the aggravated assault charges, to 25 years confinement on the possession of a controlled substance and tampering with physical evidence charges. Appellant filed a timely notice of appeal[5] and the district clerk and court reporter filed the clerk's record and reporter's record, respectively. Although Appellant's brief was originally due August 2, 2017, he has previously been granted two extensions, with the current deadline being September 15, 2017.

Pending before this court is Appellant's third motion to extend the time to file his brief and a *Motion for Access to Sealed Record for Purposes of Appeal.* By his motion for access, Appellant requests access to a sealed portion of the reporter's record—specifically, Volume 3, pp. 115-145—which he contends is necessary to fully identify and evaluate potentially appealable issues and prepare a brief. Because counsel for Appellant is located in Comal County, approximately 520 miles from the location of this

---

[3] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017).

[4] TEX. PENAL CODE ANN. § 37.09(a) (West 2016).

[5] Originally appealed to the Third Court of Appeals, this case was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

2

court, he also requests electronic access through the attorney portal. The State has filed a response in which it states that "[d]epending on the nature of the materials at issue, the State either has no objection (and would likewise request electronic access), or alternatively the State asks the Court [to] deny Appellant's motion to the extent it conflicts with controlling case law from the transferor court, the Honorable Third District Court of Appeals."

Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this court. *See* TEX. R. APP. P. 41.3. In that regard, the State has cited to us the decision of *Robisheaux v. State*, 509 S.W.3d 448, 450 (Tex. App.—Austin 2015, no pet.), holding counsel was entitled to obtain access to the sealed record from an *in camera* hearing conducted pursuant to Rule 412 of the Texas Rules of Evidence,[6] in order to identify appellate issues and prepare a brief. In ordering that the appellant be granted access, the Third Court of Appeals established certain guidelines to ensure the confidentiality of the sealed records. Consistent with *Robisheaux,* the State requests that this court grant "strictly limited and regimented access" to the record to the extent that the sealed portion of the reporter's record in this case contains rape shield material, child pornography, or other sensitive materials.

---

[6] Rule 412 provides guidelines concerning the admissibility of evidence of a victim's previous sexual conduct in a criminal case involving prosecution for sexual assault, aggravated sexual assault, or an attempt to commit either sexual assault or aggravated sexual assault. *See* TEX. R. EVID. 412.

We have reviewed the sealed portions of the reporter's record in question and have determined that it does not contain matters which would be considered sensitive in nature. Accordingly, we grant Appellant's motion for access to the following degree:

- The sealed portion of the reporter's record (Volume 3, pp. 115-145) is ordered to be made available to the attorneys of record for the purpose of preparing briefs and motions to this court.

- Within three business days of the date of this order, the clerk of this court is ordered to make a copy of the sealed portion of the reporter's record available through the "attorney portal," accessible from the website of this court (www.txcourts.gov/7thcoa.aspx), in a format that is accessible only to the attorneys of record.

- Appellate counsel may review the contents of that portion of the reporter's record made available by this order, but they may not print or copy those records.

- The parties and their counsel are ordered not to disclose or disseminate any information contained in the sealed records to any other person or entity.

- Should the parties address any arguments related to evidence contained in the sealed records, the parties are ordered to note on the cover page of their respective briefs the following: "SEALED BY ORDER OF THE COURT."

Additionally, Appellant's motion for extension of time to file Appellant's brief is granted and said brief is due on or before Friday, October 20, 2017.

It is so ordered.

Per Curiam

Do not publish.

4